DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from the August 7, 2003 judgment of the Ottawa County Court of Common Pleas which denied appellant's motion for additional jail-time credit. Appellant, Jeffrey B. Goehring, was convicted, after entering a plea of guilty, to the offense of vandalism, in violation of R.C. 2909.05(B)(2), a felony of the fifth degree. On May 13, 2003, appellant was sentenced to a 12 month term of incarceration, and was given credit for 23 days of time served while awaiting conviction and sentencing.
 {¶ 2} On appeal, appellant argues that he was not properly credited for the amount of pretrial confinement he served, and raises the following sole assignment of error:
 {¶ 3} "Whether the trial court erred and prejudiced the appellant by failing to properly credit him under O.R.C. §2967.191 for his pretrial confinement?"
 {¶ 4} Appellant was arrested and placed in the Ottawa County Detention Facility on October 13, 2002. Appellant was charged with assault, vandalism, escape, and aggravated menacing, as a result of incidents occurring on October 13, 2002. The trial court set appellant's bond at $50,000 cash or surety, which appellant never posted. On November 4, 2002, appellant was convicted on unrelated misdemeanor charges, which arose as a result of incidents occurring on April 6, 2002 and June 13, 2002, and was sentenced to serve 270 days on those cases.
 {¶ 5} Despite appellant's request, the trial court declined to credit appellant in this case with any days served between November 4, 2002 and May 13, 2003. In its August 7, 2003 decision denying appellant's request, the trial court reasoned that since November 4, 2002, appellant was being held on charges which were totally unrelated to the charges which arose on October 13, 2002. As such, the trial court held that appellant "cannot under any stretch of the imagination receive credit against his felony time for those days he spent incarcerated by the Municipal Court after sentence on separate and distinct matters." See State v. Smith
(1992), 71 Ohio App.3d 302. Further, the trial court held that the case relied on by appellant, State v. Ruby (2002),149 Ohio App.3d 541, was "inescapably distinguishable from the present case."
 {¶ 6} R.C. 2967.191, entitled Reduction of prison term for related days of confinement, states:
 {¶ 7} "The department of rehabilitation and correction shall reduce the stated prison term of a prisoner or, if the prisoner is serving a term for which there is parole eligibility, the minimum and maximum term or the parole eligibility date of the prisoner by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced, including confinement in lieu of bail while awaiting trial, confinement for examination to determine the prisoner's competence to stand trial or sanity, and confinement while awaiting transportation to the place where the prisoner is to serve the prisoner's prison term."
 {¶ 8} In State v. Smith, supra, while being held on a felony charge, the defendant was convicted and sentenced on an entirely unrelated misdemeanor charge. The defendant was later convicted and sentenced on the felony charge. In denying the defendant's request to be credited for all the time served awaiting trial on his felony charge, including the time during which he was incarcerated on his misdemeanor charge, the court held:
 {¶ 9} "R.C. 2967.191 requires that jail credit be given only for the time the prisoner was confined for any reason arising out of the offense for which he was convicted and sentenced. It does not entitle a defendant to jail-time credit for any period of incarceration which arose from facts which are separate and apart from those on which his current sentence is based. State v.Dawn (1975), 45 Ohio App.2d 43."
 {¶ 10} We find that facts in Smith are identical to this case. Nevertheless, appellant argues that State v. Ruby, supra, requires the trial court to award him credit for the entire time he was being held awaiting trial on his felony charges, including the period of time he was serving his sentence on his misdemeanor charges. The Second Appellate District, however, overruled its decision in Ruby in this regard. State v. Nagy, 2d Dist. No. 2003CA21, 2003-Ohio-6903, ¶ 22. Rather, the holding in the Second Appellate District is that a defendant is not entitled to jail-time credit for any period of incarceration which arose from facts which are separate and apart from those on which his current sentence is based. State v. Zuder (Feb. 7, 1997), 2d Dist. No. 96-CA-11, citing, Smith, supra.
 {¶ 11} Accordingly, we find that appellant was not entitled to jail-time credit after November 4, 2002, when he was convicted and sentenced on the unrelated charges. Appellant's sole assignment of error is therefore found not well-taken.
 {¶ 12} On consideration whereof, this court finds that substantial justice has been done the party complaining and the judgment of the Ottawa County Court of Common Pleas is affirmed. Pursuant to App.R. 24, costs are assessed to appellant.
Judgment Affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, P.J., Knepper, J., Lanzinger, J. concur.