DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant, Kenneth W. Smith, appeals the denial of his motion for jail time credit in the Wood County Court of Common Pleas. For the reasons that follow, we affirm the decision of the trial court.
 {¶ 2} On March 16, 2006, appellant pled guilty to two counts of assault on a peace officer in violation of R.C. 2903.13(A)(C)(3) and one count of carrying a concealed weapon in violation of R.C.2923.12(A)(G)(1). The trial court sentenced him to one year in prison. *Page 2 
 {¶ 3} Appellant asserts that the trial court did not grant him the appropriate credit for jail time served before his sentence. Appellant cites the March 16, 2006 judgment entry wherein the court stated:
 {¶ 4} "The Defendant is to be given credit for jail time, and the Court will issue a separate order granting the appropriate amount of jail time credit from October 24, 2005 to March 16, 2006."
 {¶ 5} On March 24, 2006, the trial court issued an order granting jail time credit. This order stated that the court had been informed by the Wood County Justice Center that appellant had been in its custody for 24 days between October 24, 2005 and March 16, 2006, and therefore, granted appellant 24 days of jail time credit. On May 8, 2006, appellant filed a motion for reconsideration arguing that he was entitled to more jail time credit. Specifically, appellant argued that he was entitled to 160 days of credit. On June 7, 2006, the trial court issued an order denying the motion for reconsideration based on the fact that appellant was attempting to receive jail time credit for an unrelated case arising from Hancock County, Ohio.
 {¶ 6} Appellant asserts that the "court errored [sic], in not granting him the jail time credit they so stipulated in the judgment."
 {¶ 7} R.C. 2967.191 provides:
 {¶ 8} "The department of rehabilitation and correction shall reduce the stated prison term of a prisoner * * * by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced, including confinement in lieu of bail while awaiting trial, confinement for *Page 3 
examination to determine the prisoner's competence to stand trial or sanity, and confinement while awaiting transportation to the place where the prisoner is to serve the prisoner's prison term."
 {¶ 9} "R.C. 2967.191 requires that jail credit be given only for the time the prisoner was confined for any reason arising out of the offense for which he was convicted and sentenced. It does not entitle a defendant to jail-time credit for any period of incarceration which arose from facts which are separate and apart from those on which his current sentence is based." State v. Goehring, 6th Dist. No. OT-03-035,2004-Ohio-5240, ¶ 9, citing State v. Dawn (1975), 45 Ohio App.2d 43. The record shows that only 24 days of appellant's confinement arose out of the offenses for which he was convicted. The remainder of appellant's pre-sentence confinement arose from an unrelated case.
 {¶ 10} The trial court's judgment entry stated that appellant would receive the "appropriate amount of jail time credit." The trial court properly awarded appellant the appropriate 24 days of jail time credit and denied appellant's motions requesting more jail time credit. Accordingly, appellant's assignment of error in not well-taken.
 {¶ 11} On consideration whereof, the judgment of the Wood County Common Pleas Court is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Wood County.
 JUDGMENT AFFIRMED. *Page 4 
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
 Peter M. Handwork, J., Arlene Singer, J., William J. Skow, J. CONCUR. *Page 1