[Cite as *State v. Norman*, 2013-Ohio-1866.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P. J. |
| Plaintiff-Appellant | Hon. John W. Wise, J.<br>Hon. Patricia A. Delaney, J. |
| -vs- | |
| RYAN NORMAN | Case No. CT2012-0061 |
| Defendant-Appellee | O P I N I O N |

CHARACTER OF PROCEEDING:  Criminal Appeal from the Court of Common
Pleas, Case No.  CR2012-0169

JUDGMENT:  Reversed and Remanded

DATE OF JUDGMENT ENTRY:  May 5, 2013

APPEARANCES:

For Plaintiff-Appellant

ROBERT L. SMITH
ASSISTANT PROSECUTOR
27 North Fifth Street
Zanesville, Ohio  43701

For Defendant-Appellee

JEFFERSON MASSEY
30 South Fourth Street
Zanesville, Ohio  43701

*Wise, J.*

**{¶1}** Appellant State of Ohio appeals the jail time credit determination by the Muskingum County Court of Common Pleas.

**{¶2}** Appellee is Ryan A. Norman.

### STATEMENT OF THE FACTS AND CASE

**{¶3}** On August 1, 2012, Appellee Ryan Norman was indicted on one count of Theft, a third degree felony, in violation of R.C. 2913.02(A)(1).

**{¶4}** On August 8, 2012, Appellee entered a plea of "not guilty" at his arraignment.

**{¶5}** At this time, Appellee was incarcerated on unrelated misdemeanor charges. His sentence on the misdemeanor charges was five hundred and forty (540) days.

**{¶6}** No bond was set in the felony case because Appellee was incarcerated.

**{¶7}** On October 9, 2012, Appellee changed his plea to guilty on the Theft charge, which had been amended to a fourth-degree felony. The trial court ordered a presentence investigation and set a sentencing date of November 13, 2012.

**{¶8}** On November 8, 2012, counsel for Appellee filed a Motion for Full Incarceration Credit, requesting the trial court grant credit for time served beginning from the time Appellee was served with the indictment.

**{¶9}** On November 13, 2012, the trial court sentenced Appellee to a prison term of twelve (12) months. The trial court gave Appellee 103 days of jail time credit.

**{¶10}** Appellant State of Ohio now appeals, setting forth the following assignment of error:

## ASSIGNMENT OF ERROR

{¶11} "I. THE TRIAL COURT ERRED COMPUTING JAIL TIME CREDIT WHEN IT GAVE DEFENDANT/APPELLEE CREDIT FOR 103 DAYS."

## I.

{¶12} In its sole Assignment of Error, the State of Ohio argues that the trial court erred in computing Appellee's jail time credit. We agree.

{¶13} R.C. §2967.191 mandates a reduction of a prison term for related days of confinement:

{¶14} The department of rehabilitation and correction shall reduce the stated prison term of a prisoner or, if the prisoner is serving a term for which there is parole eligibility, the minimum and maximum term or the parole eligibility date of the prisoner by the total number of days that the prisoner was confined for any reason *arising out of the offense for which the prisoner was convicted and sentenced* including confinement in lieu of bail while awaiting trial, confinement for examination to determine the prisoner's competence to stand trial or sanity, and confinement while awaiting transportation to the place where the prisoner is to serve the prisoner's prison term. (Emphasis added.)

{¶15} The statute essentially codifies the Equal Protection principle that defendants shall not be subjected to disparate treatment based on economic status; that is, for instance, defendants unable to make bail while awaiting trial must be credited for the time they are confined. *See State v. Mason,* 7th Dist. No. 10 CO 20, 2011-Ohio-3167, citing *State v. Fugate,* 117 Ohio St.3d 261, 2008-Ohio-856.

{¶16} As the statute indicates, "a defendant is not entitled to jail-time credit for any period of incarceration arising from facts that are separate or distinguishable from

those on which the current (or previous) sentence was based." *State v. Chafin,* 10th Dist. No. 06AP–1108, 2007–Ohio–1840.

{¶17} In the instant case, the State calculated Appellee's pretrial incarceration as seven (7) days. The State claims that is the amount of time Appellee was incarcerated after he had completed the misdemeanor sentence.

{¶18} Appellee claims that he is entitled to 103 days of credit for time served from the date of service of the indictment; in this case, August 2, 2012.

{¶19} The trial court, in granting Appellee credit for the 103 days served in jail from the date of service of the indictment, cited *State v. Fugate,* 117 Ohio St.3d 261, 2008–Ohio–856, in support of its decision.

{¶20} In *State v. Fugate,* two concurrent sentences were imposed at the same time. One sentence, a twelve-month sentence for Receiving Stolen Property, was imposed as the result of a community control revocation. The other sentence, a two-year sentence for Burglary, was imposed as the result of a conviction following a jury trial. The trial court allowed a 213 day jail-time credit against the twelve-month sentence but did not allow any jail-time credit against the two-year sentence for Burglary. The Supreme Court of Ohio held:

{¶21} "*** although concurrent and consecutive terms are to be treated differently when jail-time credit is applied, the overall objective is the same: to comply with the requirements of equal protection by reducing the total time that offenders spend in prison after sentencing by an amount equal to the time that they were previously held.

{¶22} "Thus, in order to satisfy this objective, when concurrent prison terms are imposed, courts do not have the discretion to select only one term from those that are run

concurrently against which to apply jail-time credit. R.C. 2967.191 requires that jail-time credit be applied to all prison terms imposed for charges on which the offender has been held. If courts were permitted to apply jail-time credit to only one of the concurrent terms, the practical result would be, as in this case, to deny credit for time that an offender was confined while being held on pending charges. So long as an offender is held on a charge while awaiting trial or sentencing, the offender is entitled to jail-time credit for that sentence; a court cannot choose one of several concurrent terms against which to apply the credit."

{¶23}    Upon review, we find that this is not a case where Appellee was sentenced to concurrent prison time.  Rather, Appellee completed his prison sentence under the misdemeanor case before he was even sentenced on the felony case. Accordingly, the sentences could not be served simultaneously.

{¶24}    This Court has held, as well as many other Ohio courts have repeatedly recognized,  that time spent serving a jail sentence in another case will not be credited toward another felony case, even if the felony was pending at the time of the service of the jail sentence. *State v. Marini*, 5th Dist. App. No. 09-CA-6, 2009-Ohio-4633.

{¶25}    In *Marini*, this Court cited a number of Appellate cases in support:

{¶26}    In *State v. Smith* (1992), 71 Ohio App.3d 302, the trial court rejected a claim for credit for serving a misdemeanor sentence while the felony charge was pending, stating "[A]ppellant was incarcerated on a prior misdemeanor criminal conviction which was completely unrelated to the offense for which he was later sentenced by the trial court. Because the sentence in the municipal court case did not arise out of the offense

for which appellant was convicted in this case, appellant is not entitled to additional jail-time credit."

**{¶27}** Similarly, the court rejected a claim for credit in *State v. Logan* (1991), 71 Ohio App.3d 292, stating that, [s]ince defendant was incarcerated on a prior unrelated conviction during the pendency of the present case, he is not entitled to jail time credit."

**{¶28}** In *State v. Goehring,* 6th Dist. No. OT-03-035, 2004-Ohio-5240, the defendant sought credit for time he spent incarcerated after conviction in Municipal Court. The appellate court affirmed the trial court's ruling that the defendant "cannot under any stretch of the imagination receive credit against his felony time for those days he spent incarcerated in Municipal Court after sentence on separate and distinct matters." *Id.* at ¶ 5 (quoting trial court's ruling). The Sixth District concluded that defendant "was not entitled to jail-time credit after November 4, 2002, when he was convicted and sentenced on the unrelated charges." *Id.* at ¶ 11.

**{¶29}** In *State v. Brown* (2001), 2nd Dist. No. 18427, the appellate court rejected the defendant's claim for credit for a period of time during which the defendant was serving a misdemeanor sentence imposed in Municipal Court on an unrelated case. Because the incarceration was due to a separate misdemeanor offense, the appellate court concluded that the trial court properly refused to give credit for that period

**{¶30}** In *State v. Tuck* (1996), 2nd Dist. No. 95-CA-23, the defendant admitted that he was seeking credit for a time period when "he was also serving misdemeanor sentences at the same time he was in pre-trial confinement awaiting trial on the felony charges." The appellate court rejected the claim for credit, citing the general principle that

"a defendant is not entitled to jail time credit for any period of incarceration which arose from charges apart from those for which the present sentence is based."

**{¶31}** In *State v. Struble,* 11th Dist. No.2005-L-115, 2006-Ohio-3417, the defendant had remained in the Lake County jail after having been sentenced to nine months in prison in that county. When he was later convicted in Ashtabula County and sought credit in that latter county for the post-sentence jail time completed in Lake County, the appellate court rejected the claim, concluding that "R.C. 2967.191 is inapplicable when the offender is imprisoned as a result of another unrelated offense." *Id.* at ¶ 11. *"[T]here is no jail-time credit for time served on unrelated offenses, even if that time served runs concurrently during the pre-detention phase of another matter."* *Id.* at ¶ 11 (emphasis added).

**{¶32}** As this Court state in *Marini, supra*:

**{¶33}** "When different courts impose sentences at separate times, the sentences at best are only partly concurrent, and there is no requirement that courts arrange their cases in such a way as to maximize concurrency. *State v. Carter,* 2nd Dist. No. 1580, 2002-Ohio-6387. It is one thing to hold, such as the Supreme Court did in *State v. Fugate,* 117 Ohio St.3d 261 2008-Ohio-856 that jail time credit earned in two cases must be applied to both cases when the sentences are imposed concurrently by the same court. It would be quite another to hold in the present case that confinement while serving non-concurrent jail time must be awarded as "jail time" to reduce a later-imposed felony sentence."

**{¶34}** Based on the foregoing, this Court finds the State of Ohio's sole Assignment of Error well-taken and hereby sustains same.

**{¶35}**  The judgment of the trial court is reversed and remanded for further proceedings consistent with the law and this opinion.

By: Wise, J.

Hoffman, P. J., and

Delaney, J., concur.

_____

_____

_____

JUDGES

JWW/d 0409

IN THE COURT OF APPEALS FOR MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT


STATE OF OHIO                               :
                                            :
    Plaintiff-Appellant                 :
                                            :
-vs-                                        :                JUDGMENT ENTRY
                                            :
RYAN NORMAN                                 :
                                            :
    Defendant-Appellee                  :                Case No. CT2012-0061


      For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Muskingum County, Ohio, is reversed and remanded.

      Costs assessed to Appellee.


                              _____


                              _____


                              _____

                                           JUDGES