[Cite as *State v. Urwin*, 2013-Ohio-3495.]

COURT OF APPEALS
MORROW COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Sheila G. Farmer, P.J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | |
| ANGELA URWIN | : | Case No. 13CA0002 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:    Appeal from the Court of Common
Pleas, Case No. 08-CR-0192


JUDGMENT:    Reversed and Remanded


DATE OF JUDGMENT:    August 8, 2013


APPEARANCES:

For Plaintiff-Appellee                     For Defendant-Appellant

K. DAVID HOMER                          EARL K. DESMOND
60 East High Street                         7 West High Street
Mt. Gilead, OH  43338                     Mt. Gilead, OH  43338

*Farmer, P.J.*

{¶1}   On November 12, 2008, the Morrow County Grand Jury indicted appellant, Angela Urwin, on two counts of possessing a controlled substance in violation of R.C. 2925.11.   Appellant pled guilty to one of the counts and the remaining count was dismissed.   By judgment entry filed January 14, 2010, the trial court sentenced appellant to eleven months in prison, suspended in lieu of five years of community control.

{¶2}   Subsequently, a motion to revoke appellant's community control was filed. A community control holder from the Morrow County probation department was placed on appellant on September 21, 2010 as she was in jail on an unrelated felony arrest in Marion County.   A hearing on the motion to revoke was held on January 25, 2013.   Joint Exhibit A was produced demonstrating appellant was acquitted of the Marion County charge following a jury trial on April 5 and 6, 2011.   Appellant was released on April 7, 2011.   Joint Exhibit B was produced demonstrating that the community control holder was placed on September 21, 2010.   By judgment entry filed February 12, 2013, the trial court imposed the previously suspended sentence of eleven months and granted appellant 152 days of jail time credit.   The trial court found appellant was not entitled to credit for the time she was in jail on the Marion County case even though she was under a community control holder.

{¶3}   Appellant filed an appeal and this matter is now before this court for consideration.   Assignment of error is as follows:

I

{¶4}   "THE TRIAL COURT ERRONEOUSLY DENIED JAIL CREDIT FOR TIME SPENT IN CUSTODY AFTER A HOLDER WAS PLACED AGAINST HER FOR ALLEGED VIOLATIONS OF THE TERMS OF HER COMMUNITY CONTROL."

I

{¶5}   Appellant claims the trial court erred in denying her jail time credit for time spent in jail on a community control holder.  Appellant concedes she was also in jail awaiting trial on an unrelated felony charge in Marion County.  She argues because she was found not guilty of the Marion County charge, the days spent in jail should be credited to her community control violation sentence.  We agree.

{¶6}   R.C. 2967.191 governs credit for confinement awaiting trial and commitment and states the following:

The department of rehabilitation and correction shall reduce the stated prison term of a prisoner or, if the prisoner is serving a term for which there is parole eligibility, the minimum and maximum term or the parole eligibility date of the prisoner by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced, including confinement in lieu of bail while awaiting trial, confinement for examination to determine the prisoner's competence to stand trial or sanity, confinement while awaiting transportation to the place where the prisoner is to serve the prisoner's prison term, as determined by the sentencing court under division

(B)(2)(g)(i) of section 2929.19 of the Revised Code, and confinement in a juvenile facility. The department of rehabilitation and correction also shall reduce the stated prison term of a prisoner or, if the prisoner is serving a term for which there is parole eligibility, the minimum and maximum term or the parole eligibility date of the prisoner by the total number of days, if any, that the prisoner previously served in the custody of the department of rehabilitation and correction arising out of the offense for which the prisoner was convicted and sentenced.

{¶7} As we discussed in *State v. Norman,* 5th Dist. Muskingum No. CT2012-0061, 2013-Ohio-1866, the interpretation of the statute in cases where a person is sentenced on an unrelated charge pending during a community control holder is very clear. No jail time credit is given for the community control holder. However, in this case, appellant was not convicted of the unrelated charge, but was found not guilty following a jury trial. See, Joint Exhibit A.

{¶8} The community control holder was issued on September 21, 2010 (Joint Exhibit B), and expired on April 7, 2011 when she was released from jail following her acquittal in Marion County. Appellant argues the time between the two dates should be credited to her community control violation sentence. Appellant stipulated that on the unrelated felony offense in Marion County, she had a bond of $15,000 which was not met. T. at 8.

{¶9} But for the community control holder, appellant could have bonded out in the Marion County case. If appellant had been convicted of the Marion County charge,

jail time credit would have been applied to that sentence.  However, once acquitted, under the trial court's decision, appellant was left with uncredited time in jail.

{¶10} In *State v. Fugate,* 117 Ohio St.3d 261, 2008-Ohio-856, ¶ 21, the Supreme Court of Ohio explained the following:

> Applying jail-time credit toward all concurrent prison terms imposed for charges on which an offender was held does not have the effect of "multiply[ing] his single period of pretrial confinement by the number of convictions entered against him." Id.  Instead, applying the credit toward all concurrent terms simply ensures that the offender actually receives credit for that single period of confinement.

{¶11} Under these specific circumstances, we find appellant should have received credit under R.C. 2967.191 on the only sentence imposed upon her, the community control violation sentence.  We note the presence of a bond in Marion County reinforces appellant's argument sub judice.  Appellant is entitled to jail time credit from September 21, 2010 to April 7, 2011.

{¶12}  The sole assignment of error is granted.

{¶13}  The judgment of the Court of Common Pleas of Morrow County, Ohio is hereby reversed.

By Farmer, P.J.

Wise, J. and

Delaney, J. concur.


_____

Hon. Sheila G. Farmer


_____

Hon. John W. Wise


_____

Hon. Patricia A. Delaney


SGF/sg 723

[Cite as *State v. Urwin*, 2013-Ohio-3495.]

IN THE COURT OF APPEALS FOR MORROW COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| Plaintiff-Appellee | : | |
| -vs- | : | JUDGMENT ENTRY |
| ANGELA URWIN | : | |
| Defendant-Appellant | : | CASE NO. 13CA0002 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Morrow County, Ohio is reversed, and the matter is remanded to said court for further proceedings consistent with this opinion. Costs to appellee.

_____
Hon. Sheila G. Farmer

_____
Hon. John W. Wise

_____
Hon. Patricia A. Delaney