[Cite as *State v. Morris*, 2018-Ohio-830.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
| --- | --- | --- |
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. William B. Hoffman, J. |
| Plaintiff-Appellee | : | Hon. Earle E. Wise, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 2017AP080025 |
| JAPIERRE M. MORRIS | : |  |
|  | : |  |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Criminal appeal from the Tuscarawas
                            County Court of Common Pleas, Case
                            No.2016 CR 090241


JUDGMENT:                   Affirmed


DATE OF JUDGMENT ENTRY:     March 5, 2018


APPEARANCES:

For Plaintiff-Appellee              For Defendant-Appellant
MICHAEL ERNEST                      AARON KOVALCHIK
125 EAST HIGH STREET                116 CLEVELAND AVE. N.W.
NEW PHILADELPHIA, OH 44663          SUITE 808
                                    CANTON, OH 44702

*Gwin, P.J.*

**{¶1}** Appellant Japierre M. Morris ["Morris"] appeals from the July 31, 2017 judgment entry of the Tuscarawas County Court of Common Pleas that denied his motion for jail time credit.

*Facts and Procedural History*

**{¶2}** By Judgment Entry filed September 21, 2016 in the Portage County Court of Common Pleas, Case Number 2016 CR 0398D, Morris entered into a negotiated plea and sentence. Morris entered a written plea of guilty pursuant to Crim. R. 11(F) to: Count One of the Indictment, one count of having weapons while under disability a felony of the third degree in violation of R.C. 2923.13 (A)(2) and Count Seven, trafficking in marijuana with a specification, a felony of the fourth degree, in violation of R.C. 2925.03 (A)(2)(C)(3)(e). In exchange, the state dismissed the remaining counts of the indictment. The trial court sentenced Morris to a term of imprisonment of two years on Count 1 and one year on Count 7. The two sentences were to be served concurrent to one another.

**{¶3}** Morris was indicted on or about September 19, 2016 by the Tuscarawas County Grand Jury on counts of: attempted murder in violation of R.C. 2903.02(A), felonious assault in violation of R.C. 2903.02(A)(1) and (2), tampering with evidence in violation of R.C. 2921.12(A)(1), and improperly handling firearms in a motor vehicle in violation of R.C. 2923.16(A). Firearm specifications of 3 and 5 years in violation of R.C. 2941.145(A) and 2941.146(A) were appended to the charges. The indictment was served upon Morris, who was serving the prison sentence on the Portage County case, on October 28, 2016. At his arraignment, the trial court set a recognizance bound for Morris on the indictment. On October 31, 2016, Morris signed the personal recognizance bond.

By Judgment Entry filed November 1, 2017, the trial court released Morris on his own recognizance on the Tuscarawas County charges.

{¶4} On June 19, 2017, Morris entered pleas of guilty to the two counts of felonious assault, one count of tampering with evidence and one count of improperly handling firearms in a motor vehicle in the Tuscarawas County case. The remaining counts and firearm specifications were dismissed in exchange for Morris' plea.

{¶5} The two counts of felonious assault were allied offenses. The state informed the court that it was electing to have Morris sentenced on the count two charge of felonious assault. The trial court sentenced Morris to an aggregate prison term of eight years for all charges. The trial court ordered that the sentence in the Tuscarawas County case shall be served concurrently with the sentence in the Portage County case. Finally, the trial court indicated that Morris was not entitled to any days of jail credit toward his state penal incarceration[1].

{¶6} On July 12, 2017, Morris filed a pro se motion for jail time credit. In this motion, Morris argued that he should receive jail-time credit from October 6, 2016 to his sentencing date, and therefore he was entitled to a jail credit of 367 days. The state filed a Memorandum in Opposition to this motion on July 27, 2017. On July 31, 2007, the trial court issued a Judgment Entry in which it denied Morris' motion[2].

{¶7} On August 21, 2017, Morris filed a pro-se Notice of Appeal and a Request for the Appointment of Counsel. By Judgment Entry filed September 11, 2017, this Court remanded the case to the trial court to appoint counsel to represent Morris on his appeal.

---

[1] The transcript of neither the plea hearing nor the sentencing hearing were requested or submitted to this Court with the record.

[2] The trial court noted the motion came before the court for a "non-oral hearing."

The trial court appointed appellate counsel for Morris by Judgment Entry filed September 13, 2017.

*Assignment of Error*

**{¶8}**   Morris raises one assignment of error for our consideration,

**{¶9}**   "I. THE TRIAL COURT ERRED WHEN IT DENIED APPELLANT'S MOTION FOR JAIL TIME CREDIT."

*Law and Analysis.*

**{¶10}**   Morris argues that the trial court committed plain error when it failed to grant him jail time credit starting on July 11, 2016 when he was being held in the Portage County Jail and then the Ohio Bureau of Corrections on Portage County Case 2016 CR 0398D through June 20, 2017 when he was sentenced in Tuscarawas County Case 2016 CR 09 0241.

**STANDARD OF APPELLATE REVIEW**

**A.  Plain error.**

**{¶11}**   Crim.R. 52(B) affords appellate courts discretion to correct "[p]lain errors or defects affecting substantial rights" notwithstanding an accused's failure to meet his obligation to bring those errors to the attention of the trial court.  However, the accused bears the burden to demonstrate plain error on the record, *State v. Quarterman*, 140 Ohio St.3d 464, 2014-Ohio-4034, 19 N.E.3d 900, ¶ 16, and must show "an error, i.e., a deviation from a legal rule" that constitutes "an 'obvious' defect in the trial proceedings," *State v. Barnes*, 94 Ohio St.3d 21, 27, 759 N.E.2d 1240 (2002).

**{¶12}**   Even if the error is obvious, it must have affected substantial rights, and "[w]e have interpreted this aspect of the rule to mean that the trial court's error must have

affected the outcome of the trial." Id.  The Ohio Supreme Court recently clarified in *State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, 38 N.E.3d 860, that the accused is "required to demonstrate a reasonable *probability* that the error resulted in prejudice— the same deferential standard for reviewing ineffective assistance of counsel claims." (Emphasis sic.)  Id. at ¶ 22, *citing United States v. Dominguez Benitez*, 542 U.S. 74, 81– 83, 124 S.Ct. 2333, 159 L.Ed.2d 157 (2004).  *Accord, State v. Thomas,* ___ Ohio St.3d ___, 2017-Ohio-8011, ___N.E.3d ____ (Oct. 4, 2017), ¶32-34.

{¶13}  If the accused shows that the trial court committed plain error affecting the outcome of the proceeding, an appellate court is not required to correct it; the Supreme Court has "admonish[ed] courts to notice plain error 'with the utmost caution, under exceptional circumstances and *only* to prevent a manifest miscarriage of justice.'" (Emphasis added.)  *Barnes* at 27, 759 N.E.2d 1240, *quoting State v. Long*, 53 Ohio St.2d 91, 372 N.E.2d 804 (1978), paragraph three of the syllabus.  *Accord, State v. Thomas,* ___ Ohio St.3d ___, 2017-Ohio-8011, ___N.E.3d ____ (Oct. 4, 2017), ¶32-34.

### B.  Jail-time Credit.

{¶14}  "'When a court's judgment is based on an erroneous interpretation of the law, an abuse-of-discretion standard is not appropriate.  *See Swartzentruber v. Orrville Grace Brethren Church,* 163 Ohio App.3d 96, 2005-Ohio-4264, 836 N.E.2d 619, ¶ 6; *Huntsman v. Aultman Hosp.*, 5th Dist. No. 2006 CA 00331, 2008-Ohio-2554, 2008 WL 2572598, ¶ 50.' *Med. Mut. of Ohio v. Schlotterer*, 122 Ohio St.3d 181, 2009-Ohio-2496, 909 N.E.2d 1237, ¶ 13." *State v. Fugate,* 117 Ohio St.3d 261, 2008-Ohio-856, 883 N.E.2d 440, ¶6.  Because the assignment of error involves the interpretation of a statute, which is a question of law, we review the trial court's decision de novo. *Med. Mut. of Ohio v.*

*Schlotterer*, 122 Ohio St.3d 181, 2009-Ohio-2496, 909 N.E.2d 1237, ¶ 13; *Accord, State v. Pariag,* 137 Ohio St.3d 81, 2013-Ohio-4010, 998 N.E.2d 401, ¶ 9; *Hurt v. Liberty Township, Delaware County, OH,* 5th Dist. Delaware No. 17 CAI 05 0031, 2017-Ohio-7820, ¶ 31.

## ISSUE FOR APPEAL

A. Whether Morris is entitled to jail-time credit starting on July 11, 2016 when he was being held in the Portage County Jail on Portage County Case 2016 CR 0398D through June 20, 2017 when he was sentenced in Tuscarawas County Case 2016 CR 09 0241.

**{¶15}** With respect to jail-time credit, the Ohio Supreme Court has instructed the courts that,

The practice of awarding jail-time credit, although now covered by state statute, has its roots in the Equal Protection Clauses of the Ohio and United States Constitutions. Recognizing that the Equal Protection Clause does not tolerate disparate treatment of defendants based solely on their economic status, the United States Supreme Court has repeatedly struck down rules and practices that discriminate against defendants based solely on their inability to pay fines and fees. *See Griffin v. Illinois* (1956), 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (a state cannot deny appellate review to defendants unable to afford a transcript); *Williams v. Illinois* (1970), 399 U.S. 235, 90 S.Ct. 2018, 26 L.Ed.2d 586 (a state may not imprison a defendant beyond the statutory maximum based solely on his inability to pay a fine); *Tate v. Short* (1971), 401 U.S. 395, 91 S.Ct. 668, 28 L.Ed.2d 130 (a state

may not impose a fine as a sentence and then automatically convert it to jail time based upon the defendant's inability to immediately pay the fine). Relying on the principle set forth in such cases, courts *have held that defendants who are unable to afford bail* must be credited for the time they are confined while awaiting trial. "The Equal Protection Clause requires that *all* time spent in any jail prior to trial and commitment by [a prisoner who is] unable to make bail because of indigency *must* be credited to his sentence." (Emphasis sic.) *Workman v. Cardwell* (N.D. Ohio 1972), 338 F.Supp. 893, 901, *vacated in part on other grounds* (C.A.6, 1972), 471 F.2d 909. *See also White v. Gilligan* (S.D. Ohio 1972), 351 F.Supp. 1012.

This principle is codified in Ohio at R.C. 2967.191, which states that "[t]he department of rehabilitation and correction shall reduce the stated prison term of a prisoner * * * by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced, including confinement in lieu of bail while awaiting trial * * *."

The Ohio Administrative Code provides additional details regarding when a prisoner is entitled to jail-time credit and how to calculate a prison term, considering the credit. Most relevant to the question before us is Ohio Adm.Code 5120–2–04(F), which states that "[i]f an offender is serving two or more sentences, stated prison terms or combination thereof concurrently, the adult parole authority shall *independently* reduce *each sentence or stated prison term* for the number of days confined for that offense. Release

of the offender shall be based upon the longest definite, minimum and/or maximum sentence or stated prison term after reduction for jail time credit." (Emphasis added.)

*State v. Fugate,* 117 Ohio St.3d 261, 2008-Ohio-856, 883 N.E.2d 440, ¶ 7-9.

**{¶16}** In the case at bar, Morris cannot receive credit for jail time spent on a case that did not yet exist. Therefore, Morris cannot receive jail time credit on his Tuscarawas case for time served in the Portage County case before he was served with the indictment for the Tuscarawas County case. *See,* 1975 Ohio Atty.Gen.Ops. No. 75–097.

**{¶17}** By Judgment Entry filed November 1, 2016, the trial court noted that it had granted Morris a personal recognizance bond at his arraignment on October 31, 2016 on the Tuscarawas County indictment. On October 31, 2016, Morris signed the recognizance bond in the Tuscarawas County Case. The bond was filed the same day.

**{¶18}** As the Tenth District Court of Appeals stated in *State v. Smith*, 71 Ohio App.3d 302, 304, 593 N.E.2d 402(1992), "R.C. 2967.191 requires that jail credit be given only for the time the prisoner was confined for any reason arising out of the offense for which he was convicted and sentenced. It does not entitle a defendant to jail-time credit for any period of incarceration which arose from facts which are separate and apart from those on which his current sentence is based."

**{¶19}** Ohio courts have repeatedly recognized that time spent serving a jail sentence in another case will not be credited toward another felony case, even if the felony was pending at the time of the service of the jail sentence. In *Smith, supra,* the court rejected a claim for credit for serving a misdemeanor sentence while the felony charge was pending. As the court in *Smith* stated: "[A]ppellant was incarcerated on a

prior misdemeanor criminal conviction which was completely unrelated to the offense for which he was later sentenced by the trial court.  Because the sentence in the municipal court case did not arise out of the offense for which appellant was convicted in this case, appellant is not entitled to additional jail-time credit."  *Smith*, 71 Ohio App.3d at 304, 593 N.E.2d 402.

{¶20}  Similarly, the court rejected a claim for credit in *State v. Logan*, 71 Ohio App.3d 292, 301, 593 N.E.2d 395 (10th Dist., 1991) stating that, "Since defendant was incarcerated on a prior unrelated conviction during the pendency of the present case, he is not entitled to jail time credit."

{¶21}  In *State v. Goehring*, 6th Dist. No. OT-03-035, 2004-Ohio-5240, the defendant sought credit for time he spent incarcerated after conviction in Municipal Court. The appellate court affirmed the trial court's ruling that the defendant "cannot under any stretch of the imagination receive credit against his felony time for those days he spent incarcerated in Municipal Court after sentence on separate and distinct matters."  Id. at ¶ 5 (quoting trial court's ruling).  The Sixth District concluded that defendant "was not entitled to jail-time credit after November 4, 2002, when he was convicted and sentenced on the unrelated charges."  Id. at ¶ 11.  *Accord*, *State v. Marini*, 5th Dist. Tuscarawas No. 09-CA-6, 2009-Ohio-4633.

{¶22}  Under the foregoing analysis, Morris cannot receive double jail time credit for confinement while serving the sentence imposed on the Portage County case.  Such sentences arose out of unrelated cases.  Because Morris posted a personal recognizance bond in the Tuscarawas County Case on October 31, 2016, he was no longer being held in jail on the Tuscarawas County charges; Morris was only being held on the prior prison

sentence imposed in the Portage County case. Therefore, Morris received jail time credit on the Portage County case; however because he posted bond, Morris was not entitled to jail time credit on the Tuscarawas County case.

**{¶23}** It is one thing to hold, such as the Supreme Court did in *State v. Fugate*, 117 Ohio St.3d 261, 883 N.E.2d 440, 2008-Ohio-856 that jail time credit earned in two cases must be applied to both cases when the sentences are imposed concurrently by the same court. It would be quite another to hold in the present case that confinement while serving non-concurrent prison time must be awarded as "jail time" to reduce a later-imposed felony sentence.

### CONCLUSION.

**{¶24}** Morris' sole assignment of error is overruled.

**{¶25}** The judgment of the Tuscarawas County Court of Common Pleas is affirmed.

By Gwin, P.J.,

Hoffman, J., and

Wise, Earle, J., concur