[Cite as *State v. Olds*, 2023-Ohio-1078.]

STATE OF OHIO ) IN THE COURT OF APPEALS
)ss: NINTH JUDICIAL DISTRICT
COUNTY OF LORAIN )

STATE OF OHIO                    C.A. Nos.     21CA011786
                                                      21CA011790

     Appellee

     v.

                                             APPEAL FROM JUDGMENT
CARL OLDS                          ENTERED IN THE
                                             COURT OF COMMON PLEAS
     Appellant                        COUNTY OF LORAIN, OHIO
                                             CASE Nos.     18CR098088
                                                             20CR102881

DECISION AND JOURNAL ENTRY

Dated: March 31, 2023

---

SUTTON, Judge.

{¶1} Defendant-Appellant, Carl Olds, appeals the judgments of the Lorain County Court of Common Pleas. For the reasons that follow, this Court affirms.

I.

**Relevant Background Information**

{¶2} This appeal arises from a series of cases in which Mr. Olds entered pleas of guilty. Specifically, Mr. Olds pleaded guilty to domestic violence, violating a protection order, and assault in Case No. 18CR098089; having weapons under disability, carrying a concealed weapon, improperly handling a firearm in a motor vehicle, and driving under suspension in Case No. 19CR1000079; and felonious assault and domestic violence in Case No. 18CR098088. On November 12, 2019, the trial court sentenced Mr. Olds to community control in all three cases.

{¶3}     While on community control, Mr. Olds committed the following offenses:  burglary with a repeat violent offender specification, theft, and menacing  in Case No. 20CR102881.  After being arrested on these charges, the trial court ordered Mr. Olds be held at the county jail, on Case Nos. 18CR098089, 19CR1000079, and 18CR098088, until further order of the court.  On August 20, 2020, Mr. Olds was sentenced to concurrent prison terms of 36 months in Case Nos. 18CR098089 and 19CR1000079.  Further, due to his incarceration, the trial court tolled Mr. Olds' community control in Case No. 18CR098088.  Mr. Olds then committed the additional crimes of telecommunications fraud and theft in Case No. 21CR104622 and violating a protection order and bribery in Case No. 20CR104623, during his time in the county jail.  On May 11, 2021, Mr. Olds was transferred into the custody of the Department of Rehabilitation and Correction.

{¶4}     On July 21, 2021, in Case No. 20CR102881, the trial court found Mr. Olds to be a repeat violent offender and sentenced him  to 4-6 years imprisonment, to be served concurrently with his other sentences, and awarded him 28 days of jail time credit.  Moreover, on August 4, 2021, Mr. Olds admitted to probable cause and the trial court found he violated community control in Case No. 18CR098088.  As such, the trial court revoked community control, which had been previously tolled, and sentenced Mr. Olds to 4 years imprisonment to run concurrently with Case Nos. 18CR098089, 19CR1000079, 20CR102881, 20CR104623, and 21CR104622.  The trial court also awarded Mr. Olds 42 days of jail time credit.

{¶5}     Mr. Olds now appeals from the judgment entries in Case Nos. 18CR098088 and 20CR102881, which were consolidated for purposes of oral argument and decision, raising three assignments of error for our review.

II.

## ASSIGNMENT OF ERROR I

**THE TRIAL COURT ERRED BY TOLLING MR. [OLDS'] COMMUNITY CONTROL IN CASE NUMBER 18CR098088 WHILE SENTENCING HIM TO PRISON IN CASE NUMBERS 19CR100079 AND 18CR098089.**

**{¶6}** In his first assignment of error, Mr. Olds argues the trial court erred in tolling his community control in Case No. 18CR098088 while sentencing him to prison in Case Nos. 19CR100079 and 18CR098089. We disagree.

**{¶7}** R.C. 2951.07 plainly states:

A community control sanction continues for the period that the judge or magistrate determines and, subject to the five-year limit specified in section 2929.15 or 2929.25 of the Revised Code, may be extended. If the offender under community control absconds or otherwise leaves the jurisdiction of the court without permission from the probation officer, the probation agency, or the court to do so, *or if the offender is confined in any institution for the commission of any offense, the period of community control ceases to run until the time that the offender is brought before the court for its further action.*

(Emphasis added.) Further, R.C. 2929.15(A)(1) states, in relevant part: "if the offender is confined in any institution for the commission of any offense while under a community control sanction, the period of the community control sanction ceases to run until the offender is brought before the court for its further action."

**{¶8}** Here, the record reveals the trial court tolled Mr. Olds' community control in Case No. 18CR098088 when a prison sentence was imposed in Case Nos. 19CR100079 and 18CR098089. The trial court then, on August 4, 2021, brought Mr. Olds before it for further action in Case No. 18CR098088. At that time, Mr. Olds admitted to probable cause and the trial court found he violated community control. Thus, the trial court revoked Mr. Olds' community control in Case No. 18CR098088 and sentenced him to 4 years imprisonment to run *concurrently* with his other sentences. Additionally, the trial court retained jurisdiction to revoke Mr. Olds' community

control because, at the time of the revocation proceeding on August 4, 2021, his three-year period of community control, which began on November 12, 2019, had not yet expired. *See State ex rel. Hemsley v. Unruh*, 128 Ohio St.3d 307, 2011-Ohio-226, ¶ 13. ("[T]he court was authorized to conduct proceedings on the alleged community-control violations even though they were conducted after the expiration of the term of community control, provided that the notice of violations was properly given and the revocation proceedings were commenced before the expiration.")

{¶9} Based upon this record, we cannot say the trial court erred in tolling, and later revoking, Mr. Olds' community control in Case No. 18CR098088.

{¶10} Accordingly, Mr. Olds' first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

**THE TRIAL COURT ACTED CONTRARY TO LAW AND DENIED MR. OLDS DUE PROCESS WHEN IT HELD HIM INCARCERATED FOR 279 DAYS BEYOND HIS ORIGINAL PROBABLE CAUSE/MERITS HEARING AND THEN SENTENCED HIM TO FOUR YEARS WITH ONLY 42 DAYS CREDIT FOR TIME SERVED.**

{¶11} In his second assignment of error, Mr. Olds argues the trial court erred in Case No. 18CR098088 by improperly denying him jail time credit and tolling his community control, while he was incarcerated in other cases, prior to his probable cause/merits hearing.

{¶12} R.C. 2967.191 provides as follows:

The department of rehabilitation and correction shall reduce the prison term of a prisoner, as described in division (B) of this section, by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced, including confinement in lieu of bail while awaiting trial, confinement for examination to determine the prisoner's competence to stand trial or sanity, confinement while awaiting transportation to the place where the prisoner is to serve the prisoner's prison term, as determined by the sentencing court under division (B)(2)(g)(i) of section 2929.19 of the Revised Code, and confinement in a juvenile facility. The department of rehabilitation and correction also shall reduce the stated prison term of a prisoner

or, if the prisoner is serving a term for which there is parole eligibility, the minimum and maximum term or the parole eligibility date of the prisoner by the total number of days, if any, that the prisoner previously served in the custody of the department of rehabilitation and correction arising out of the offense for which the prisoner was convicted and sentenced.

"Succinctly stated, 'a defendant is not entitled to jail-time credit for any period of incarceration which arose from facts which are separate and apart from those on which his current sentence is based.'" *State v. Brooks*, 9th Dist. Lorain No. 05CA008786, 2006-Ohio-1485, ¶ 6, quoting *State v. Goehring*, 6th Dist. Ottawa No. OT-03-035, 2004-Ohio-5240, ¶ 10.

{¶13} Further, R.C. 2929.19(B)(2)(g)(i) states, in relevant part:

if the sentencing court determines at the sentencing hearing that a prison term is necessary or required, the court shall do all of the following: * * * notify the offender of, and include in the sentencing entry the total number of days, including the sentencing date but excluding conveyance time, that the offender has been confined for any reason arising out of the offense for which the offender is being sentenced and by which the department of rehabilitation and correction must reduce the definite prison term imposed on the offender as the offender's stated prison term[.] * * * The court's calculation shall not include the number of days, if any, that the offender served in the custody of the department of rehabilitation and correction arising out of any prior offense for which the prisoner was convicted and sentenced.

{¶14} The record reveals on August 4, 2021, at the merits hearing regarding revocation of his community control in Case No. 18CR098088, Mr. Olds, through counsel, admitted to probable cause and indicated he was "not arguing that there was not a violation of his community control sanctions." Further, as to jail time credit, the following dialogue took place between the trial court and counsel:

THE COURT: [Mr. Olds] was present with counsel in court today via Zoom for a merits hearing.

[Mr. Olds] was found in violation of community control sanctions. Sentence of four years in prison is hereby imposed. No credit for time served awarded. * * *

[COUNSEL]: Your Honor.

THE COURT: Yes?

[COUNSEL]: When I spoke to Judge Rothgery's Court, they did say that you would go along with what Judge Rothgery went along with, which was credit for time served.

THE COURT: And credit for how much?

[COUNSEL]: Well, I don't have the numbers in front of me, but we would ask for credit for time served in this case.

THE COURT: Did Judge Rothgery give, like, 20 some days?

[COUNSEL]: Well, * * * that was on his case. But * * * there would be a different amount, obviously, in every case. So we would just ask for credit for time served.

THE COURT: No. Judge Rothgery gave 28 days for credit for time served.

[COUNSEL]: In his case.

[MR. OLDS]: Because I was already doing time on your case.

THE COURT: Okay. So I'll give the same 28 days of credit. Because he's not doing time. He hasn't been doing time on this case.

[COUNSEL]: Yes, he has, Your Honor. He was in jail from July of '20 * * * to May 10th[.]

THE COURT: Okay. And so the understanding, again, was that Judge Rothgery's office was working out something * * * in which [Mr. Olds] was to serve five years.

And I believe the way Judge Rothgery's office worked that out was that he'd already served a year on my cases[.] * * *

[COUNSEL]: The reason why Judge Rothgery calculated 28 days, because that's all he had served on that particular case.

But on your case he had served more time because he was in jail beginning in July in your case. And he was then released from this case when he went to prison, which was on 4-29. Its says on 4-29 on this particular case, 4-29-21 the hold placed on 7-24-20 is hereby released.

THE COURT: Okay. So you're saying I should give him five years and then credit for time served awarded instead of four years?

[COUNSEL]: No. I'm asking the [c]ourt to do what Judge Rothgery did. Judge Rothgery agreed to four years with credit for time served. I'm asking this [c]ourt to give him four years with credit for time served.

THE COURT: But then that only makes it three more years[.]

[COUNSEL]: But he's still serving the time on Judge Rothgery's case.

THE COURT: I mean, I don't know that. * * * I don't know what the future holds with respect to Judge Rothgery's case[.] * * * [T]he sentence that was initially imposed on this case is eight years.

[COUNSEL]: I understand, Your Honor. But there has been so much unfairness in all these cases. I mean, all we're asking for in this case is credit from time served, which is exactly what Judge Rothgery gave.

* * *

THE COURT: Then I'm not willing to move forward. The I am not willing to move forward.

* * *

[COUNSEL]: *Will you at least give him credit for the last two weeks that he has sat that we have been trying to get in front of this [c]ourt? Because now this is an extra two weeks that he's going to have to serve.*

THE COURT: I don't know what you mean by "trying to get in front of the [c]ourt." Nobody ever asked me. I mean, we could have don't in on that day if somebody had even, even just approached us and said, "Hey, listen, could you do it on this day?" That's not my fault.

[COUNSEL]: Well, * * * okay. *Let's just proceed, Your Honor*.

THE COURT: I don't know where that leaves us.

[COUNSEL]: *Well, I would like to proceed, Your Honor*.

[MR. OLDS]: *I would too, please*.

THE COURT: *So you're saying that you want me to give the 28 days plus the 14 days, four years * * * minus 28 and 14? So four years, and instead, give 42 days of credit, which would exactly mirror what the sentence was received on Judge Rothgery's case, which is 20CR102881.*

[COUNSEL]: *Thank you, Your Honor. Thank you, Your Honor.*

* * *

THE COURT: Sentence of four years in prison is imposed. Forty-two days of credit for time served is awarded.

Sentences to run concurrent with Lorain County Common Pleas cases 19CR100079, 18CR098089, 21CR104622, 21CR104623, and 20CR102881.

* * *

(Emphasis added.)

{¶15} As this Court has previously stated, "[t]he invited error doctrine precludes a party from 'tak[ing] advantage of an error which he himself invited or induced the trial court to make.'" *State v. Jackson*, 9th Dist. Lorain No. 14CA010555, 2015-Ohio-2473, ¶ 63, quoting *Lester v. Leuck*, 142 Ohio St. 91 (1943), paragraph one of the syllabus. In this regard, even if the trial court *had* erred in its calculation of jail time credit, Mr. Olds' counsel suggested the actual number of days, 28 days plus the last two weeks of incarceration, totaling 42 days. Mr. Olds' counsel also encouraged the trial court to move forward with the hearing. Thus, based upon this record, we cannot say the trial court erred in its calculation of jail time credit.

{¶16} Notably, Mr. Olds also argues for the first time on appeal he was deprived due process because the trial court failed to meet the minimum requirements set forth in *Morrissey v. Brewer*, 408 U.S. 471 (1972), during his revocation proceedings. However, the record reveals Mr. Olds did not object to moving forward with the hearing, but instead pressed the trial court to hold the merits hearing on August 4, 2021. The trial court stated on the record "we don't have to do this today," to which Mr. Olds' counsel responded:

No. We can do it today, Your Honor. I just want to make sure that I know exactly what's going on and what the merits hearing is for.

And Mr. Olds also is waiting to be shipped out to his institution, and he's very anxious to be able to get all of these cases wrapped up and get down the road.

Mr. Olds then admitted to probable cause and indicated he was not arguing that he did not violate his community control sanctions.

{¶17} "It is well-settled that this Court will not address arguments for the first time on appeal." *State v. Williamson*, 9th Dist. Summit No. 29935, 2022-Ohio-185, ¶ 31, citing *State v. Lee*, 9th Dist. Summit No. 29597, 2020-Ohio-4970, ¶ 15. "This Court acts as a reviewing court and will not usurp the role of the trial court by deciding new issues at the appellate level." *Id*., citing *Allen v. Bennett*, 9th Dist. Summit Nos. 23570, 23573, 23576, 2007-Ohio-5411, ¶ 21. Thus, because Mr. Olds failed to raise this argument below, this Court will not now address it. Moreover, even if we were to address this argument, it has no merit because Mr. Olds, through counsel, actively urged the trial court to move forward with the hearing on that particular date, which, again, constitutes invited error. *See Jackson* at ¶ 63.

{¶18} Accordingly, Mr. Olds' second assignment of error is overruled.

**ASSIGNMENT OF ERROR III**

**MR. OLDS WAS PREJUDICED AND DENIED DUE PROCESS WHEN THE TRIAL COURT FAILED TO PROPERLY CREDIT HIM WITH 363 DAYS TIME SERVED WHILE HE WAS SIMULTANEOUSLY SERVING TIME FOR A COMMUNITY CONTROL VIOLATION ARISING OUT OF THIS OFFENSE.**

{¶19} In his third assignment of error, Mr. Olds argues the trial court erred in failing to credit him with the proper amount of jail time credit in Case No. 20CR102881. Specifically, Mr. Olds argues Case No. 20CR102881 provided the basis for his community control violation in Case No. 18CR098088, and, therefore, he is eligible for jail time credit in this case. The record, however, does not support this argument.

{¶20} At the August 4, 2021 merit hearing in Case No. 18CR098088, the probation officer read the reasons for the motion to revoke Mr. Olds' community control into the record as follows:

* * *

[Mr. Olds] has failed to comply with rule number one which states:  I will obey all federal, state and local laws and ordinances and rules and regulations of Lorain County Common Pleas Court.

While [Mr. Olds'] time was tolled on [Case No.] 18CR098088, [Mr. Olds] was charged and convicted of new felony charges on the following dockets: 20CR102881, 21CR104622, and 21CR104623.

In addition to that, we had had two motions filed by [Mr. Olds] * * * to lift the protection order [in favor of the victim] in our case.

Those motions were denied[.] * * *

And although the motion[s] [were] denied, [Mr. Olds] still continued to have contact with the victim through jail phone calls on several occasions.

* * *

Clearly, the motion to revoke provided several reasons Mr. Olds violated his community control in Case No. 18CR098088, including felony convictions on two other cases and repeated violations of a protection order.  Therefore, the record does not support Mr. Olds' contention that Case No. 20CR102881 provided the basis for his community control violation in Case No. 18CR098088, entitling him to additional jail time credit.  Based upon this record, we cannot say the trial erred in its calculation of jail time credit in Case No. 20CR102881.

{¶21}  Accordingly, Mr. Olds' third assignment of error is overruled.

III.

{¶22}  Mr. Olds' assignments of error are overruled and the judgments of the Lorain County Court of Common Pleas are affirmed.

Judgments affirmed.

_____

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____

BETTY SUTTON
FOR THE COURT

HENSAL, P. J.
CONCURS.

CARR, J.
CONCURRING IN JUDGMENT ONLY.

{¶23} I concur in the majority's judgment but I write separately in regard to the second assignment of error. The doctrine of invited error precludes a party from taking advantage of an error that he himself invited or induced the trial court to commit. *State v. Bey*, 85 Ohio St.3d 487, 493 (1999). The trial court initially stated that it was inclined to award 28 days of jail time credit in Case No. 18CR098088. Olds then asked the trial court to award jail time credit for the time he was incarcerated from July 2020 to April 2021. When the trial court made clear that it was unwilling to take that step, defense counsel then argued in the alternative that the trial court should

"at least" award 14 additional days of jail time credit, for a total of 42 days. The fact that defense counsel made an alternate argument in this manner is not akin to abandoning his primary argument for the purposes of appeal. Accordingly, while I do not think that Olds' jail time credit argument has merit, I would not refuse to consider it based on the doctrine of invited error.

APPEARANCES:

DENISE G. WILMS, Attorney at Law, for Appellant.

DAVE YOST, Attorney General, and ANDREA K. BOYD, Special Prosecuting Attorney, for Appellee.