[Cite as *State v. Quinteros*, 2017-Ohio-8825.]

COURT OF APPEALS
HOLMES COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. Patricia A. Delaney, P.J. |
|     Plaintiff-Appellee | Hon. W. Scott Gwin, J.<br>Hon. William B. Hoffman, J. |
| -vs- | |
| | Case No. 17CA002 |
| WILBUR E. QUINTEROS | |
|     Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Holmes County Common Pleas Court, Case No. 16CR056

JUDGMENT:      Reversed and Remanded

DATE OF JUDGMENT ENTRY:      December 1, 2017

APPEARANCES:

For Plaintiff-Appellee                 For Defendant-Appellant

SEAN M. WARNER                     TODD E. CHEEK
Prosecuting Attorney                Todd E. Cheek Law Offices, LLC
Holmes County, Ohio                111 S. Buckeye St., Ste 235
164 E. Jackson Street                Wooster, Ohio 44691
Millersburg, Ohio 44654

*Hoffman, J.*

{¶1} Defendant-appellant Wilbur Quinteros[1] appeals the December 23, 2016 Journal Entry entered by the Holmes County Court of Common Pleas, which found him guilty of one count of aggravated menacing, in violation of R.C. 2903.21(A) and (B), and sentenced him to a six month period of incarceration with fifteen (15) days credit for jail time served. Appellant also appeals the January 31, 2017 Journal Entry, which credited him an additional eleven (11) days against his sentence for a total of twenty-six (26) days of jail time credit. Plaintiff-appellee is the state of Ohio.

STATEMENT OF THE CASE[2]

{¶2} On August 19, 2016, a complaint was filed in the Holmes County Municipal Court, charging Appellant with one count of aggravated menacing, in violation of R.C. 2903.21(A) and (B). Appellant was arrested on August 22, 2016, and remained incarcerated until September 2, 2016, when he posted bond. After waiving his right to a preliminary hearing, Appellant was bound over to the Holmes County Court of Common Pleas. On September 19, 2016, the Holmes County Grand Jury indicted Appellant on one count of aggravated menacing, in violation of R.C. 2903.21(A) and (B), a felony of the fifth degree. Appellant appeared before the trial court for arraignment on September 27, 2016, and entered a plea of not guilty to the Indictment.

---

[1] Appellant's first name is spelled "W- I-L-B-U-R" on the majority of the documents filed in the proceedings below. However, Appellant spelled his name "W-I-L-B-**E**-R" on the Affidavit of Indigency.

[2] A Statement of the Facts underlying this matter is not necessary for our disposition of this appeal.

{¶3} Appellant's bond was revoked on November 2, 2016, after he tested positive for marijuana. The trial court issued a warrant for his arrest. Appellant was arrested on November 7, 2016. On November 15, 2016, the Holmes County Municipal Court sentenced Appellant on a probation violation in an unrelated matter. The sentence on the probation violation expired on December 7, 2016, but Appellant remained incarcerated on the instant charge until December 23, 2016.

{¶4} On December 22, 2016, Appellant appeared before the trial court and entered a plea of guilty to one count of aggravated menacing, a misdemeanor of the first degree. The trial court found Appellant guilty and sentenced him to a period of six months in county jail. The trial court credited Appellant with 15 days for time served. The trial court memorialized Appellant's conviction and sentence via Journal Entry filed December 23, 2016.

{¶5} On January 3, 2017, Appellant filed a Motion for Hearing and Increase of Jail Time Credit, asserting he was entitled to 58 days of jail time credit. Appellee filed a memorandum in opposition in which it maintained Appellant was only entitled to 23 days of jail time credit. Via Journal Entry filed January 31, 2017, the trial court granted Appellant an additional 11 days of jail time credit, for a total of 26 days.

{¶6} Appellant filed a motion for stay on March 2, 2017, requesting the trial court stay the remaining 32 days of his sentence. On the same day, Appellant filed a motion for leave to appeal, which this Court granted. The trial court did not rule on Appellant's motion for stay.

{¶7} It is from the December 23, 2016, and January 31, 2017 Journal Entries Appellant appeals, raising the following as error:

{¶8}   THE TRIAL COURT'S CALCULATION OF CREDIT FOR TIME SERVED IS CONTRARY TO LAW.

I

{¶9}   Initially, we note the trial court sentenced Appellant to a period of incarceration of six months, commencing December 23, 2016.   Although Appellant requested a stay, the trial court never ruled on his motion.   Appellant did not request a stay with this Court.   It appears Appellant has served his entire sentence; therefore, any error in the trial court's calculation of his jail time credit is moot.   Nonetheless, in the interest of justice, we will address Appellant's sole assignment of error.

{¶10} Appellant asserts the trial court erred in calculating his jail time credit. Specifically, Appellant argues he was entitled to a total of 58 days of jail time credit rather than the 26 days determined by the trial court.   We agree, in part.

{¶11} R.C. 2967.191 governs the issue of jail time credit, and provides a prisoner shall receive jail-time credit for "the total number of days that the prisoner was confined for any reason *arising out of the offense for which the prisoner was convicted and sentenced*, including confinement in lieu of bail while awaiting trial." (Emphasis added.)

{¶12} As thoroughly analyzed by this Court in *State v. Marini*, 5th Dist. Tuscarawas No. 09–CA–6, 2009–Ohio–4633, ¶ 16, "Ohio courts have repeatedly recognized that time spent serving a jail sentence in another case will not be credited toward another felony case, even if the felony was pending at the time of the service of the jail sentence."

{¶13} In *Marini,* this Court stated:

The case law confirms that the felony offense of conviction must be a legal cause for the defendant's prior confinement in order for that confinement to be creditable. As the Tenth District Court of Appeals stated in *State v. Smith* (1992), 71 Ohio App.3d 302, 304, 593 N.E.2d 402, "R.C. 2967.191 requires that jail credit be given only for the time the prisoner was confined for any reason arising out of the offense for which he was convicted and sentenced. It does not entitle a defendant to jail-time credit for any period of incarceration which arose from facts which are separate and apart from those on which his current sentence is based." *Id.* at ¶ 5.

{¶14} As the statutes and case law indicate, Appellant cannot receive jail time credit in this case for his confinement on the probation violation in a different matter. Each sentence arose out of unrelated cases. "The language of R.C. 2967.191 does not allow the convicted person to turn his confinement for various convictions into a 'bank' of jail time that he 'withdraw' as needed for pending felony offenses." *Id.* at ¶ 22.

{¶15} The trial court gave Appellant jail time credit for the 26 days he was incarcerated in the Holmes County Jail prior to entering his plea. Appellant was not entitled to credit for the period between November 15, 2016, and December 7, 2016, during which he was serving his sentence on an unrelated probation violation.

{¶16} In its brief to this Court, the state of Ohio offered the following calculation of jail time credit:

Defendant is entitled to 12 days credit for his incarceration on this case from August 22, 2016 until he posted bond on September 2, 2016. Defendant's bond was revoked in this case and he jailed again on November 7, 2016. He remained jailed on this case until November 15, 2016 when he was sentenced on a probation violation in Holmes County Municipal Court. Defendant is entitled to 9 days credit for the November period. Defendant was released from his municipal court sentence on December 7, 2017 but remained jailed on this case until December 23, 2016 when he was sentenced to six months in the county jail. This period spans 17 days. Therefore, Defendant is entitled to 38 days credit for the periods of 12 and 9 and 17 days when he was jailed for the offense for which he is being sentenced in this case.

**{¶17}** Upon review, we agree with the jail time credit calculation proffered by the state of Ohio. We find Appellant is entitled to 38 days of jail time credit.

**{¶18}** Appellant's sole Assignment of Error is sustained.

    **{¶19}**  The judgment of the Holmes County Court of Common Pleas is reversed.

By: Hoffman, J.

Delaney, P.J.  and

Gwin, J. concur