[Cite as *State v. Henry*, 2021-Ohio-888.]

COURT OF APPEALS
GUERNSEY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | : | JUDGES: |
| | : | Hon. Craig R. Baldwin, P.J. |
| Plaintiff - Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | |
| DEVON A. HENRY, | : | Case No. 20CA000017 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Guernsey County
Court of Common Pleas, Case No.
19-CR-200

JUDGMENT:     Affirmed

DATE OF JUDGMENT:     March 19, 2021

APPEARANCES:

For Plaintiff-Appellee     For Defendant-Appellant

JASON R. FARLEY     FREDERICK A. SEALOVER
Assistant County Prosecutor     45 N. Fourth Street
627 Wheeling Avenue     P.O. Box 2910
Cambridge, Ohio 43725     Zanesville, Ohio 43702

*Baldwin, J.*

{¶1}   Defendant-appellant Devon Henry appeals from the June 18, 2020 Judgment Entry of the Guernsey County Court of Common Pleas. Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2}   On June 11, 2019, the Guernsey County Grand Jury indicted appellant on one count of trafficking in hashish in violation of R.C. 2925.03(A)(1) and 2925.03(C)(7)(d), a felony of the second degree, and one count of trafficking in heroin in violation of R.C. 2925.03(A)(1) and 2925.03(C)(6)(d), also a felony of the second degree. The indictment also contained two specifications for forfeiture of an automobile in a drug case and two specifications for forfeiture of money in a drug case.

{¶3}   On July 25, 2019, appellant filed a Notice of Availability stating that he was currently incarcerated in the Mahoning County Jail and had been since June 21, 2019.

{¶4}   At his arraignment on September 3, 2019, appellant entered a plea of not guilty to the charges. At the arraignment, appellant's counsel advised the trial court that appellant was "being held on a detainer or holder from the Federal authorities as indicated, and whatever bond he has or whatever bond is set by this Court he is not going to be released as my understanding from Federal hold. Even though he is being held in the Mahoning County Jail it is on Federal holder….." Transcript at 16-17.

{¶5}   The trial court stated on the record, in relevant part, as follows: "…the Court will set bond today as a Personal Recognizance Bond, but as he is currently being held under the Federal Warrant…, I will require further bond hearing before he can be released. He can be returned to Mahoning County." Transcript at 18-19.

**{¶6}** The State amended both charges to felonies of the fifth degree and appellant, on February 26, 2020, entered a plea of guilty to the amended charges. Pursuant to a Judgment Entry filed on June 18, 2020, appellant was sentenced to eleven (11) months for trafficking in hashish and nine (9) months for trafficking in heroin. The trial court ordered that the sentences be served consecutively for an aggregate prison sentence of twenty (20) months. The trial court ordered that the $2,100.00 seized be forfeited and dismissed the remaining specifications.

**{¶7}** At the sentencing hearing, defense counsel argued that appellant should be given jail time credit for the period of time that he had been subject to the federal holder as result of the allegations in his Guernsey County prosecution. Defense counsel argued, in relevant part, as follows:

**{¶8}** "He was released on a bond then, and was picked up on June on the basis of supervised release violation on a Federal case, and that violation on what he has been told and what I have been told from discussing with the Attorney in his Federal case is that the violation essentially is this case, and he was being held pending deposition (sic) of this case by the feds and as the Court may remember likely does recall his bond in this was Recognizance Bond, but were he be released, he was to have another bond hearing before being released so my position has been all along that he was being held on this case, and now it may be and it is a technical matter but the Feds had the primary holder on him and that I will argue that the State had a holder, even if it was a secondary holder on him, but all related to the nexus the crux of the matter was this case and these crimes so I would submit that he should receive jail time credit for the entire time he has been locked with regard to this as this Court is handling the situation first.  He will get if this

Court were grant him jail time credit as I am requesting and of course, I have not done a calculation, but it would be something in the area of an entire year,…"

**{¶9}** Transcript at 79-80.

**{¶10}** The court responded by stating that "if I read the Presentence Investigation Page One jail time credit correctly that time he spent in the County Jail was here….Not where he is being housed at the Mahoning County Jail under Federal custody." Transcript at 80.

**{¶11}** The trial court, in its June 18, 2020 Judgment Entry, ordered that appellant receive jail time credit for 41 days (as of June 18, 2020) for time incarcerated in this case and that appellant receive additional credit for time awaiting transport to prison.

**{¶12}** Appellant now appeals, raising the following assignment of error on appeal:

**{¶13}** "I. THE TRIAL COURT ERRED BY DENYING THE DEFENDANT-APPELLANT'S REQUEST FOR ADDITIONAL JAIL-TIME CREDIT FOR TIME THAT HE SERVED ARISING OUT OF THE OFFENSES FOR WHICH HE WAS CONVICTED AND SENTENCED."

I

**{¶14}** Appellant, in his sole assignment of error, argues that the trial court erred by denying his request for additional jail-time credit for time that he served arising out of the offenses for which he was convicted and sentenced. We disagree.

**{¶15}** This Court reviews the trial court's determination as to the amount of jail-time credit under the "clearly and convincingly" contrary-to-law standard. *State v. Perkins*, 11th Dist. Lake Nos. 2018-L-084 and 2018-L-098, 2019-Ohio-2288, ¶ 12. It is appellant's burden to establish that the trial court erred in its jail-time award. *State v. Haworth*, 11th

Dist. Portage Nos. 2019-P-0047-0049, 2020-Ohio-1341, ¶ 29, citing *State v. Corpening*,

2019-Ohio-4833, 137 N.E.3d 116, ¶ 27 (11th Dist.).

{¶16} "Criminal defendants have a right to jail-time credit." *State v. Thompson*, 8th

Dist. Cuyahoga No. 102326, 2015-Ohio-3882, ¶ 21. R.C. 2967.191(A) states as follows:

(A)     The department of rehabilitation and correction shall reduce the

prison term of a prisoner, as described in division (B) of this section, by the

total number of days that the prisoner was confined for any reason arising

out of the offense for which the prisoner was convicted and sentenced,

including confinement in lieu of bail while awaiting trial, confinement for

examination to determine the prisoner's competence to stand trial or sanity,

confinement while awaiting transportation to the place where the prisoner is

to serve the prisoner's prison term, as determined by the sentencing court

under division (B)(2)(g)(i)1 of section 2929.19 of the Revised Code, and

confinement in a juvenile facility. The department of rehabilitation and

correction also shall reduce the stated prison term of a prisoner or, if the

prisoner is serving a term for which there is parole eligibility, the minimum

and maximum term or the parole eligibility date of the prisoner by the total

number of days, if any, that the prisoner previously served in the custody of

the department of rehabilitation and correction arising out of the offense for

which the prisoner was convicted and sentenced.

**{¶17}** However, time spent in confinement, either prison or jail, for unrelated cases or awaiting trial and sentencing on an unrelated case cannot be counted towards another case. *State v. Cupp*, 156 Ohio St.3d 207, 2018-Ohio-5211, 124 N.E.3d 811, ¶ 23.

**{¶18}** In the case sub judice, appellant argues that he was entitled to jail-time credit for the time that he spent in Mahoning County Jail on a federal detainer. He argues that during such period of time, he as confined "for a reason arising out of the offenses for which he was convicted and sentenced in the trial court…"

**{¶19}** The record reveals that appellant was currently on supervision out of the United States District Court, that a violation was filed against him on June 21, 2019 and that he had been incarcerated since that time. Appellant was not being held on the Guernsey County case. His bond in this case was set as a personal recognizance bond. We concur with appellee that the time that appellant served in the Mahoning County Jail would go towards his federal sentence, but that he is not entitled to credit toward this case. See *State v. Claggett*, 8th Dist. Cuyahoga No. 108742, 2020-Ohio-4133. In *Clagett,* the court held that the defendant was not entitled to jail time credit when he was also being held on a federal probation detainer.

**{¶20}** Appellant's sole assignment of error is, therefore, overruled.

**{¶21}** Accordingly, the judgment of the Guernsey County Court of Common Pleas is affirmed.

By: Baldwin, P.J.

Wise, John, J. and

Delaney, J. concur.