[Cite as *State v. Beck*, 2022-Ohio-2013.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. William B. Hoffman, J. |
| Plaintiff-Appellee | : | Hon. Craig R. Baldwin, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case Nos.    21-COA-022 |
| RICHARD BECK, JR. | : |           21-COA-023 |
|  | : |  |
| Defendant-Appellant | : |  |
|  | : | OPINION |

CHARACTER OF PROCEEDING:      Criminal appeal from the Ashland County
                             Court of Common Pleas, Case Nos. 19-
                             CRI-195 and 20-CRI-159

JUDGMENT:                    Affirmed

DATE OF JUDGMENT ENTRY:      June 14, 2022

APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

CHRISTOPHER R. TUNNELL                    MATTHEW J. MALONE
Ashland Prosecutor                        10 East Main Street
BY: NADINE HAUPTMAN                        Ashland, OH 44805
Assistant Prosecutor
110 Cottage Street, Third Floor
Ashland, OH 44805

*Gwin, P.J.*

{¶1}　Appellant Richard O. Beck, Jr. appeals his sentences entered on November 2, 2021, in the Ashland County Court of Common Pleas.　Appellee is the State of Ohio.

*Facts & Procedural History*

{¶2}　On September 13, 2019, appellant was indicted on one count of possession of heroin in Case Number 19-CRI-195.　Appellant initially filed a motion for intervention in lieu of conviction, but he withdrew the motion after his probation officer filed a motion to revoke bond for testing positive for oxycontin and methamphetamine.　Appellant then pled guilty to the charge.　The trial court sentenced him to 120 days of house arrest with credit of eight days for time served, and three years of community control.　At the sentencing hearing and in the sentencing entry, the trial court informed appellant if he violated his community control, he could be sentenced to up to twelve months in prison.

{¶3}　On June 8, 2020, appellant's probation officer filed a motion to revoke appellant's community control in 19-CRI-195 due to appellant's possession of heroin. Appellant admitted to violating his community control.　The trial court ordered appellant to remain on community control, but the trial court also ordered appellant to serve a 60-day jail sanction that was immediately suspended if he was admitted to Crosswaeh Community Based Correctional Facility ("Crosswaeh").　Appellant was admitted to Crosswaeh on the 19-CRI-195 case, and as a sanction for violating his community control in a separate case out of Richland County.

{¶4}　On September 10, 2020, appellant was indicted on the following counts in Ashland County:　possession of heroin, possession of a fentanyl-related compound, and illegal use or possession of drug paraphernalia (Case Number 20-CRI-159).　Appellant

pled guilty to the possession of heroin count in exchange for the remaining counts being dismissed.  On December 7, 2020, the trial court sentenced appellant to sixty days of house arrest with credit of seven days for time served, and two years of community control.  At the sentencing hearing and in the sentencing entry, the trial court informed appellant if he violated the terms and conditions of his community control, he could be sentenced to up to twelve months in prison.

{¶5}    On June 23, 2021, appellant's probation officer filed a motion to revoke his community control in 19-CRI-195 and 20-CRI-159 for using THC and methamphetamine. Appellant was not arrested upon the filing of the motion to revoke, but was ordered to report to the courthouse for a bond hearing and arraignment.  At an evidentiary hearing on July 28, 2021, appellant admitted to violating his community control in both cases.

{¶6}    The trial court held a sanction hearing on November 1, 2021.  The trial court noted it was appellant's first violation in Case Number 20-CRI-159 and his second community control violation in Case Number 19-CRI-195.

{¶7}    In the 2019 case, the trial court revoked appellant's community control and imposed a six-month prison sentence.  The trial court gave appellant 70 days of jail time credit in the 2019 case.  The jail time credit of seventy days in 19-CRI-159 represents the time appellant was held in the Ashland County Jail upon his arrest in September of 2019 until he bonded out, and the time he spent in Crosswaeh in August and September of 2020, minus the days he spent in jail as a sentence on Ashland Municipal Court Case No. 19CRB007 (Domestic Violence).  For the 2020 case, the trial court revoked appellant's community control and imposed a six-month prison sentence, with seven days of jail time credit.

{¶8}    The trial court stated:

I'm going to order that those two sentences be served concurrently. So your aggregate prison sentence for the two cases, although there will be two separate sentencing entries, one for each case, but they're going to be run concurrently, so what you're looking at is six months in prison with seven days' credit, plus one additional day for each day served in the Ashland County Jail.

A sentencing entry in 19-CRI-195 will show 70 days' credit plus one additional day, but because you're serving them both concurrently, it's the 20-CRI-159 case that's actually going to control the length of your sentence, of your prison sentence because that's * * * the longer period, potentially, in prison.

And, again, for both of those, you'll receive additional day credit for time spent in jail pending your delivery to the Department of Rehabilitation and Corrections.

{¶9}    The trial court issued two separate sentencing judgment entries on November 2, 2021, one in the 2019 case, and one in the 2020 case.

{¶10}   Appellant reported to the Ashland County Jail on November 15, 2021. He spent fifteen days in jail before being delivered to the Ohio Department of Rehabilitation and Corrections on November 30, 2021. Appellant received 85 days of jail time credit on Case Number 19-CRI-195 (70 days in the sentencing entry plus 15 days awaiting transport), and 22 days of jail time credit on Case Number 20-CRI-159 (7 days in the

sentencing entry plus 15 days awaiting transport). His prison term was calculated utilizing 22 days of jail time credit.

{¶11} Appellant appeals both 19-CRI-195 and 20-CRI-159. He assigns the same assignment of error in both cases:

{¶12} "I. APPELLANT WAS DENIED EQUAL PROTECTION OF LAW IN VIOLATION OF THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION WHEN THE TRIAL COURT FAILED TO AWARD APPELLANT JAIL-TIME CREDIT FROM ONE CASE TOWARD BOTH OF HIS CONCURRENT SENTENCES."

I.

{¶13} Appellant contends the trial court committed error in failing to credit him with a total of 85 days of jail time credit on both cases.

{¶14} Initially, we note the trial court sentenced appellant to a period of incarceration of six months, commencing November 30, 2021, with jail time credit of twenty-two days. Appellant filed a motion to stay execution of sentence pending appeal; the trial court denied his motion. This Court also denied appellant's motion for stay of execution and bail pending appeal. It appears appellant has served his entire sentence; therefore, any error in the trial court's calculation of his jail time credit is moot. *State v. Quinteros*, 5th Dist. Holmes No. 17CA002, 2017-Ohio-8825. Nonetheless, in the interest of justice, we will address appellant's sole assignment of error. *Id.*

{¶15} Appellant did not object to the jail time credit at the time of sentencing. Because appellant failed to raise the issue in the trial court when it could have corrected

any error, he has forfeited all but plain error for purposes of appeal. *State v. Marini*, 5th Dist. Tuscarawas No. 09-CA-6, 2009-Ohio-4633.

{¶16} Appellant contends the 85 days of jail time credit should have been applied towards each concurrent prison term, rather than 85 days credit in the 2019 case and 22 days credit in the 2020 case. The additional jail time credit given to appellant in the 2019 case was for the time he spent in Crosswaeh, and for the time he spent in the Ashland County Jail when he was arrested on the 2019 charge, prior to his release on bond.

{¶17} Appellant relies on *State v. Fugate* in support of his argument. 117 Ohio St.3d 261, 2008-Ohio-856, 883 N.E.2d 440.

{¶18} In *Fugate*, the parties agreed the appellant had been held simultaneously on the three charges involved, two of which were new offenses committed while he was on community control. *Id.* Following Fugate's conviction on the new offenses, he was sentenced to prison terms that were concurrent with the time imposed for the community control violation, but the trial court applied jail time credit only as to the latter violation. *Id.* The Ohio Supreme Court found that the practice of awarding jail time credit is rooted in the Equal Protection Clause, as disparate treatment of defendants based on their economic status is not permitted. *Id.* Thus, a defendant who is unable to afford bail "must be credited for the time they are confined while awaiting trial * * *." *Id.*

{¶19} The Supreme Court cited R.C. 2967.191 in its discussion ("the department of rehabilitation and correction shall reduce the stated prison term of a prisoner * * * by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced, including confinement in lieu of bail while awaiting trial * * *). The Supreme Court also identified Ohio Adm. Code 5120-

2-04(F) as bearing on a prisoner's entitlement to jail time credit. This section provides, "if an offender is serving * * * two stated prison terms * * * concurrently, the department shall independently reduce each sentence or stated prison term for the number of days confined for the offense. Release of the offender shall be based upon the longest definite minimum and/or maximum sentence or stated prison term after reduction for jail time credit."

{¶20} In *Fugate,* the Ohio Supreme Court held, "when concurrent prison terms are imposed, courts do not have the discretion to select only one term from those that are run concurrently against which to apply jail-time credit * * * if courts were permitted to apply jail-time credit to only one of the concurrent terms, the practical result would be, as in this case, to deny credit for time that an offender was confined while being held on pending charges." *Id.* The Court continued, "so long as an offender is held on a charge while awaiting trial or sentencing, the offender is entitled to jail-time credit for that sentence; a court cannot choose one of several concurrent terms against which to apply the credit." *Id.*

{¶21} We find the facts in this case distinguishable from *Fugate.* Unlike in *Fugate*, where the defendant was "being held on both charges," appellant was not "held on" the 2020 charge when he was in Crosswaeh, or when he was being held prior to his plea in the 2019 case. *Fugate* applies only to a defendant entitled to jail time credit under R.C. 2967.191, i.e., on each charge for "which he is actually being held." The Crosswaeh confinement was the sanction for a probation violation in 19-CRI-195 and a Richland County case, not 20-CRI-159. Appellant is arguing for a forward application of the jail time credit before his arrest on the 2020 case.

{¶22} This Court has held that "the felony offense of conviction must be a legal cause for the defendant's prior confinement in order for that confinement to be creditable." *State v. Marini*, 5th Dist. Tuscarawas No. 09-CA-6, 2009-Ohio-4633; *State v. Henry*, 5th Dist. Guernsey No. 20CA000017, 2021-Ohio-888 (time spent in jail or prison for unrelated cases cannot be counted towards another case); *State v. Cupp*, 156 Ohio St.3d 207, 2018-Ohio-5211, 124 N.E.3d 811 (a defendant is not entitled to jail time credit for presentence detention time when held on a bond if, during the same period of time, he is serving a sentence on an unrelated case); see also *State v. Wyburn*, 6th Dist. Lucas No. L-10-1292, 2011-Ohio-5307 (defendant cannot benefit from prospective application of a larger jail time credit from an earlier conviction to a later conviction merely because the sentences were made concurrent, because a defendant is not "held on" the charge).

{¶23} As this Court has previously stated, "the language of R.C. 2967.191 does not allow the convicted person to turn his confinement for various convictions into a 'bank' of jail time that he 'withdraws' as needed for pending felony offenses." *State v. Quinteros*, 5th Dist. Holmes No. 17CA002, 2017-Ohio-8825. Further, a defendant "cannot receive credit for jail time spent on a case that did not yet exist." *State v. Morris*, 5th Dist. Tuscarawas No. 2017AP080025, 2018-Ohio-830. Appellant cannot receive jail time credit in 20-CRI-159 for time served in 19-CRI-195, because the 20-CRI-159 case did not yet exist when the jail time accrued.

{¶24} Appellant additionally cites this Court's decision in *State v. Carroll* in support of his argument. 2002 WL 253849, 2002-Ohio-764 (5th Dist. Fairfield). First, *Carroll* was decided prior to this Court's decisions in *Marini*, *Morris,* and *Quinteros.* Further, the facts in *Carroll* are different from those in this case. In *Carroll*, the time appellant spent in a

community-based correctional facility ("CBCF") was actually a portion of her sentence in the case in which she sought to receive jail time credit, as the trial court placed the appellant on community control on the condition that she enter and successfully complete a CBCF. *Id.* When the trial court revoked her community control in the case for violating probation after her completion of the CBCF program, it did not give her jail time credit in that case since she was also in the CBCF program concurrently as a sanction for violating her community control from a different county. *Id.*

{¶25} We found that since the CBCF program was a concurrent sentence that she was serving in both the Fairfield County case and a Ross County case, the trial court committed error in failing to apply jail time credit to both cases. *Id.* In this case, the time appellant seeks jail time credit for (Crosswaeh time and time he was incarcerated prior to pleading in the 2019 case) occurred before appellant was indicted in the 2020 case. The jail time credit appellant seeks to apply to the 2020 case occurred prior to the existence of the 2020 case. Accordingly, the facts in *Carroll* are not analogous to those in this case.

{¶26} The trial court gave appellant credit for the days he was incarcerated in the jail on the 2020 case. This consisted of the days after appellant's arrest on the 2020 case until he posted bond. Appellant was not incarcerated when the motion to revoke was filed, and he remained out on bond while he awaited the resolution of the motion to revoke in both cases. He also received credit for the days he spent in the Ashland County Jail prior to his delivery to the Ohio Department of Corrections. Appellant was not entitled to credit in the 2020 case for the days he was either in Crosswaeh as a sanction in the 2019 case or in jail prior to posting bond in the 2019 case.

{¶27} The trial court properly credited appellant's first period of incarceration and Crosswaeh sanction time solely to 19-CRI-195, as it related solely to the charge in 19-CRI-195, and pre-dated his indictment for the offenses in Case 20-CRI-159.

{¶28} Based on the foregoing, appellant's assignment of error is overruled.

{¶29} The November 2, 2021 judgment entries of the Ashland County Court of Common Pleas are affirmed.

By Gwin, P.J.,

Hoffman, J., and

Baldwin, J., concur