[Cite as *State v. Warner*, 2025-Ohio-667.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | : | JUDGES: |
| | : | Hon. Craig R. Baldwin, P.J. |
| Plaintiff - Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. Andrew J. King, J. |
| -vs- | : | |
| | : | |
| DAVID LEE WARNER, II, | : | Case No. 2024CA00133 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:          Appeal from the Stark County Court
                                  of Common Pleas, Case No. 2023
                                  CR 0366

JUDGMENT:                         Affirmed

DATE OF JUDGMENT:                 February 21, 2025

APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

KYLE L. STONE                             David Warner, II #A801-787
Prosecuting Attorney                      Grafton Correctional Institution
Stark County, Ohio                        2500 S. Avon-Beldon Rd.
                                          Grafton, Ohio 44044
By: LISA A. NEMES
Appellate Division Chief
Assistant Prosecuting Attorney
110 Central Plaza South, Ste. 510
Canton, Ohio 44702-1413

*Baldwin, P.J.*

**{¶1}** The appellant, David Lee Warner, II, appeals the February 22, 2024, judgment entry revoking his judicial release. The appellee is the State of Ohio.

## STATEMENT OF THE FACTS AND THE CASE

**{¶2}** On March 24, 2023, the Stark County Grand Jury indicted the appellant with one count of Felonious Assault in violation of R.C. §2903.11(A)(1) and R.C. §2903.11(D)(1)(a) and one count of Domestic Violence in violation of R.C. §2919.25(A)(1) and R.C. §2919.25(D)(4).

**{¶3}** On April 28, 2023, the appellant entered a plea of guilty to the indictment pursuant to a plea agreement.

**{¶4}** The trial court stated:

There's been a discussion of judicial release after you serve 90 days, starting today, into Wilson Hall. And just so that we're clear, that is not something that's promised to you. If you are in prison and you have any bad conduct, if you get into any fights, if you're disrespectful, get any tickets, I'm not going to grant your judicial release, though. It's all going to depend upon your behavior whether or not judicial release will be granted, understood?"

T. at 19.

**{¶5}** The appellant acknowledged he understood the trial court and entered a plea of guilty.

**{¶6}** The trial court found the appellant guilty and entered an indefinite sentence of four to six years imprisonment. The court imposed post-release control for eighteen months to three years and informed the appellant of the consequences of a violation.

{¶7} The trial court informed the appellant that she would consider a motion for judicial release after ninety days.

{¶8} On July 17, 2023, the appellant filed a Motion for Judicial Release.

{¶9} On August 25, 2023, the trial court held a hearing on the motion. At the hearing, the trial court noted the appellant's good behavior while incarcerated. The victim also wrote a letter and testified. During the victim's testimony, the appellant repeatedly interrupted her.

{¶10} When it was the appellant's turn to speak, he accused the victim of having a drug and alcohol problem and lying to the court. The appellant then said he wanted the matter to proceed to trial despite having entered a plea of guilty nearly four months prior to the hearing. The court also noted the appellant's poor attitude toward the post-sentence interviewer. The trial court granted judicial release despite the appellant's behavior at the interview and hearing. The trial court reminded the appellant that if he did not comply with the judicial release the court could modify the terms of judicial release or reimpose sentence on the appellant. The appellant did not have any questions and did not object.

{¶11} On January 23, 2024, Intensive Supervision Probation notified the trial court that the appellant had absconded and asked the court to issue a warrant for his arrest and toll his probation.

{¶12} On February 15, 2024, the trial court held a hearing on the probation violation. The appellant stipulated to the violation and waived his hearing. The trial court reimposed the appellant's prison term.

{¶13} On June 20, 2024, the appellant filed a Motion for Specific Performance of Plea.

**{¶14}** On July 19, 2024, the appellant filed a Motion to be Provided with Commitment Papers.

**{¶15}** On July 30, 2024, the trial court overruled the appellant's Motion for Specific Performance of Plea and denied the appellant's Motion to be Provided with Commitment Papers.

**{¶16}** On August 15, 2024, the appellant filed a Motion for Judicial Release.

**{¶17}** On August 16, 2024, the trial court denied the Appellant's Motion of Judicial Release.

**{¶18}** On August 26, 2024, the appellant filed a Notice of Appeal and raised the following assignment of error:

**{¶19}** "THE TRIAL COURT ERRED AS A MATTER OF LAW, AND ABUSED ITS DISCRETION BY DENYING THE APPELLANT'S MOTION FOR SPECIFIC PERFORMANCE OF PLEA AGREEMENT (Decision)."

**I.**

**{¶20}** In the appellant's first assignment of error, the appellant argues that the trial court breached his plea agreement when it released the appellant to SRCCC instead of Wilson House. We disagree.

**STANDARD OF REVIEW**

**{¶21}** Because the appellant failed to raise the issue in the trial court when it could have corrected any error, he has forfeited all but plain error for purposes of appeal. *State v. Marini*, 2009-Ohio-4633 (5th Dist.), ¶12; *State v. Beck*, 2022-Ohio-2013 (5th Dist.), ¶15.

**{¶22}** Crim.R. 52 (B) affords appellate courts discretion to correct "[p]lain errors or defects affecting substantial rights," notwithstanding an accused's failure to meet his

obligation to bring those errors to the attention of the trial court. Notice of plain error, pursuant to Crim.R. 52(B), "is to be taken with the utmost of caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." *State v. Long*, 53 Ohio St.2d 91 (1978). An error affects substantial rights only if it changes the outcome of the trial. *State v. Spaulding*, 2016-Ohio-8126, ¶64.

**{¶23}** Again, the Supreme Court of Ohio discussed the doctrine of plain error in *State v. Bailey*, 2022-Ohio-4407:

Under the plain-error doctrine, intervention by a reviewing court is warranted only under exceptional circumstances to prevent injustice. *State v. Long*, 53 Ohio St.2d 91, 372 N.E.2d 804 (1978), paragraph three of the syllabus ("Notice of plain error * * * is to be taken with the utmost caution, under exceptional circumstances and only to prevent a miscarriage of justice"). To prevail under the plain-error doctrine, Bailey must establish that "an error occurred, that the error was obvious, and that there is 'a reasonable *probability* that the error resulted in prejudice,' meaning that the error affected the outcome of the trial." (Emphasis added in *Rogers*.) *State v. McAlpin*, 169 Ohio St.3d 279, 2022-Ohio-1567, 204 N.E.3d 459, ¶66, quoting *Rogers* at ¶22; *see also State v. Wilks*, 154 Ohio St.3d 359, 2018-Ohio-1562, 114 N.E.3d 1092, ¶52.

The elements of the plain error doctrine are conjunctive: all three must apply to justify an appellate court's intervention. *State v. Barnes*, 94 Ohio St.3d 21, 27, 759 N.E.2d 1240 (2002) ("By its very terms, the rule

places three limitations on a reviewing court's decision to correct an error

despite the absence of a timely objection at trial").

*Id.* at ¶¶8-9. Again, the appellant must establish that (1) an error occurred; (2) that the error was obvious; and, (3) that there is a reasonable *probability* that the error resulted in prejudice.

## ANALYSIS

**{¶24}** A plea agreement is "contractually in nature and subject to contract-law standards." *State v. Butts*, 112 Ohio App.3d 683 (8th Dist.1996). It is the burden of the defendant to show a plea agreement has not been fulfilled. *State v. Walsh*, 2015-Ohio-4135 (5th Dist.), ¶17.

**{¶25}** We find no plain error in this case. In the case *sub judice*, the written plea agreement did not include judicial release to Wilson House. Furthermore, the trial court made clear at the April 28th hearing that the appellant's release into Wilson House is not guaranteed. The appellant has failed to identify in the record where release into Wilson House was part of the plea agreement. In fact, the trial court was explicit that entering a guilty plea does not guarantee the appellant's release into Wilson House. Accordingly, we find the appellant has failed to show that plain error occurred when the trial court denied the appellant's Motion for Specific Performance of Plea.

**{¶26}** Accordingly, the appellant's sole assignment of error is overruled.

## CONCLUSION

{¶27} For the forgoing reasons, the judgment of the Court of Common Pleas, Stark County, Ohio, is hereby affirmed.

By: Baldwin, P.J.

Hoffman, J. and

King, J. concur.