[Cite as *State v. Calhoun*, 2025-Ohio-762.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | : | Hon. Kevin W. Popham, J. |
| -vs- | : | Hon. David M. Gormley, J. |
| | : | |
| MICHAEL P. CALHOUN | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. CT2024-0075 |
| | : | |
| | : | <u>OPINION</u> |

CHARACTER OF PROCEEDING:      Appeal from the Court of Common
Pleas of Muskingum County,
Case No. CR2024-0034

JUDGMENT:      Affirmed

DATE OF JUDGMENT:      March 6, 2025

APPEARANCES:

For Defendant-Appellant

CHRISTOPHER D. BRIGDON
8138 Somerset Rd.
Thornville, Ohio 43076

*Gormley, J.*

**{¶1}** Defendant Michael P. Calhoun pled guilty in Muskingum County to a felony charge of tampering with evidence, and he was sentenced to the 36-month prison term that he and the prosecutor in their plea agreement had recommended to the trial judge. Even so, Calhoun has now appealed. We affirm.

**Facts and Procedural History**

**{¶2}** Calhoun was arraigned in February 2024 on an indictment charging him with the crimes of tampering with evidence and felonious assault. He was represented by appointed counsel then and throughout the time when the case was open in the trial court.

**{¶3}** In June 2024, Calhoun and the prosecution reached a plea agreement under which the prosecution agreed to dismiss the felonious-assault charge. In return, Calhoun agreed to plead guilty to the tampering charge. The parties also jointly recommended that the trial judge impose a 36-month prison term for that latter charge, which was a third-degree felony. The parties recommended in their plea agreement, too, that the trial judge impose that prison term consecutive to another prison term that Calhoun was serving at the time.

**{¶4}** The trial judge held the plea-change hearing on the record in accordance with Criminal Rule 22, and the judge also conducted the hearing in the way that Criminal Rule 11(C) requires, ensuring that Calhoun was entering his guilty plea voluntarily, that he understood the nature of the criminal charge, that he understood the maximum penalties, that he understood the effect of a guilty plea, and that he understood that the immediate imposition of a sentence was possible. The trial judge thoroughly addressed,

as well, the constitutional rights spelled out in Criminal Rule 22(C)(2)(c), and Calhoun expressed on the record not only his understanding of each of those rights but also his desire to waive them. Calhoun himself, along with counsel for both parties, signed a written plea agreement documenting these matters, and that document was promptly filed in the clerk's office in Muskingum County.

{¶5} Once the trial judge accepted Calhoun's guilty plea and made a guilty finding on the plea, the parties agreed that no presentence investigation was needed and that they were ready for the judge to impose a sentence. The judge accommodated that request and, after affording the parties an opportunity to be heard in accordance with Criminal Rule 32(A), he imposed the very sentence that the parties had jointly recommended: a 36-month prison term for the third-degree-felony tampering-with-evidence charge. And again, as the parties had jointly recommended, that prison term was imposed by the judge consecutive to a prison term that Calhoun was already serving in connection with a different case.

{¶6} Soon thereafter, Calhoun appealed, and new counsel was appointed to represent him here.

{¶7} Once a transcript of the plea-change-and-sentencing hearing had been filed as part of the record for this appeal, Calhoun's appellate counsel filed his appellate brief here. In that brief, Calhoun's counsel, in accordance with *Anders v. California*, 386 U.S. 738 (1967), indicates that no colorable issues exist that might prompt this court to overturn Calhoun's conviction. The appellate lawyer also indicated in the brief that he had provided copies of it to both Calhoun himself and to the prosecutor.

**{¶8}** This court then sent a notice to the parties indicating that Calhoun could file his own appellate brief and the State could of course respond to any such brief and to the *Anders* brief. No additional briefs beyond the *Anders* brief have been filed here.

## Our Review of the Record Supports the View of Calhoun's Counsel: This Appeal Is Frivolous

**{¶9}** Under *Anders*, of course, court-appointed appellate counsel in a criminal case is permitted to indicate – after the attorney has conscientiously reviewed the full record – that any possible grounds for an appeal in the case appear to be frivolous. *See* id. at 744. When such a brief is filed, *Anders* instructs counsel to file a brief identifying anything in the record that might arguably support the appeal. *See State v. Sergent*, 2016-Ohio-2696, ¶ 8, fn.1. The court of appeals should then ensure that the indigent defendant receives a copy of that brief and should give the defendant an opportunity to raise any arguments that he or she would like to present in the appeal. *Anders* at 744. And then finally, the court itself should fully examine the case record to determine whether the appeal is frivolous. *Id.*

**{¶10}** All of those steps have occurred in this appeal. Though the *Anders* brief filed by Calhoun's appellate counsel in fact indicates that that lawyer could find no issues that might arguably support the appeal, we have undertaken our duty to independently examine the record to determine whether the appeal is frivolous. We find that it is.

### A. The Guilty-Plea Hearing Was Properly Conducted

**{¶11}** The trial judge properly conducted the plea-change hearing in this felony case on the record, and he addressed at that hearing the constitutional rights that must be discussed, the nature of the charge, the maximum penalties, the effect of a guilty plea, and the possibility of an immediate sentence. The trial judge's colloquy with the defendant

demonstrates, too, that the defendant entered his guilty plea knowingly and voluntarily and with a full understanding of his rights and of the implications of the plea change. Calhoun was represented by counsel, and he indicated to the trial judge that he was satisfied with the work that his attorney had done in the case.

{¶12} In short, the plea fully comported with Ohio law. See *State v. Veney*, 2008-Ohio-5200, ¶ 8 ("Crim.R. 11(C) governs the process that a trial court must use before accepting a felony plea of guilty or no contest"); *State v. Engle*, 74 Ohio St.3d 525, 527 (1996) ("When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily").

### B. The Sentence Imposed Was the One Recommended by Both Parties in Their Plea Agreement

{¶13} The parties' written plea agreement – which was filed in the trial court on the morning after the plea-change hearing – urged the trial judge to impose a 36-month prison term for the third-degree-felony offense at issue. That sentence length was of course, under R.C. 2929.14(A)(3)(b), one of the possible definite prison terms for an offense of that type, and R.C. 2929.13(C) imposes no presumption in favor of either the imposition of a prison term or a community-control sentence for a third-degree felony.

{¶14} The parties' written plea agreement – which again was signed by Calhoun himself and by his lawyer on the date of the plea change – also recommended that any prison term in this case be imposed consecutively to another prison sentence that Calhoun was already serving. That written plea agreement expressly stated that "[t]he parties stipulate to [j]udicial [f]indings necessary for the imposition of consecutive sentences."

{¶15} The trial judge confirmed with the attorneys for both parties and with Calhoun himself that none of them was requesting the preparation of a presentence report. The judge gave the attorneys and Calhoun one last opportunity to address the judge about the sentence before it was imposed, and then the judge imposed the very sentence that the parties had just recommended.

{¶16} Nothing about the sentence or its imposition was improper, and any challenge to it now is frivolous.

### C. No Serious Challenge Could Be Mounted Now to the Trial Judge's Handling of Calhoun's Request for the Appointment of New Counsel

{¶17} We see in the trial court's records a document that the clerk of courts in Muskingum County appears to have marked as "Received" on June 6, 2024. The document was evidently presented to the clerk by Calhoun, and on it are several handwritten sentences from him indicating that his appointed counsel was "not fighting" for him and not communicating with him frequently enough.

{¶18} Though the document does not appear to have been accepted for filing by the clerk, it evidently did come to the trial judge's attention, and he addressed Calhoun's request on the record at a hearing on June 10, 2024. A transcript of that hearing is in the case file.

{¶19} At the hearing, Calhoun himself spoke and told the judge that his appointed counsel had not filed some motions for him that Calhoun wanted to file in the case. Calhoun explained also that his lawyer was "disrespectful" and had not shared some of the discovery-related materials with him.

{¶20} Calhoun's lawyer then spoke at the hearing, telling the trial judge that he – the lawyer – had visited Calhoun at the county jail at least three times in the previous

three weeks. The lawyer also told the judge that he and Calhoun had watched a key video together, and he explained that they had discussed some discovery that was marked as "counsel only" under Criminal Rule 16(C). The lawyer assured the judge that he felt "no ill will" toward Calhoun and was prepared to represent him at the trial, which was scheduled to begin the next day.

{¶21} After hearing from Calhoun and from the lawyer, the trial judge voiced confidence in the lawyer, describing him as someone who "knows what he's doing." The judge denied Calhoun's request for a new lawyer and noted that the trial "is going on tomorrow."

{¶22} In the end, of course, no trial took place. Instead, on the June 11, 2024 trial date, the parties finalized their plea agreement, and the case concluded with the guilty plea and the sentencing hearing described above. During the plea-change colloquy between Calhoun and the trial judge, Calhoun responded "Yes, Your Honor" when the judge asked him whether he was "satisfied with the advice and help" that his lawyer had provided in the case. In addition, the written plea agreement signed by Calhoun and both attorneys includes this statement: "I am satisfied with my attorney's advice and competence." In that same document is this sentence also: "Defendant and defense counsel hereby withdraw any and all motions previously filed in this case."

{¶23} No colorable argument about the trial judge's handling of Calhoun's eve-of-trial request for new counsel could be presented in an appeal here. Even were we to review such a claim, we would of course employ an abuse-of-discretion standard. See *State v. Harris*, 2023-Ohio-3271, ¶ 21 (2d Dist.) ("The decision whether to remove court-appointed counsel and allow substitution of new counsel is addressed to the sound

discretion of the trial court, and its decision will not be reversed on appeal absent an abuse of discretion"); *State v. Brown*, 2018-Ohio-253, ¶ 17 (7th Dist.) (same).

{¶24}  The trial judge appears to have fully considered the concerns voiced by Calhoun about his appointed counsel as the trial date neared, and the judge's decision to keep the lawyer in place was not arbitrary or unreasonable.  And surely Calhoun's own indication – both orally and in writing – at the June 11, 2024 plea-change hearing that he was then satisfied with the lawyer's work on his behalf surely settles the matter.  Any argument to the contrary on this record would be frivolous.

### D. The Trial Judge Properly Calculated the Jail-Time Credit

{¶25}  Finally, we see that at the June 11, 2024 hearing at which Calhoun entered his plea change and was sentenced, his attorney told the trial judge that Calhoun "believe[d] that he ha[d] 33 days of jail time credit" in the case.  The judge then explained to Calhoun that no jail-time credit was being awarded to him in the case because Calhoun was at that point already serving a prison term in another case.  Any credit for days that Calhoun had spent in the county jail as the trial date neared in this case would, the judge noted, count solely toward the earlier prison sentence rather than toward the Muskingum County case.  For that reason – the judge told Calhoun – no days of jail-time credit were being awarded to him in the newer case.

{¶26}  After hearing that explanation from the judge, Calhoun said "All right.  It's fine."

{¶27}  The trial judge's explanation was fully consistent with Ohio law.  See *State v. Beck*, 2022-Ohio-2013, ¶ 22 (5th Dist.) (noting that "a defendant is not entitled to jail time credit for presentence detention time when held on a bond if, during the same period

of time, he is serving a sentence on an unrelated case").  No persuasive argument to the contrary would be part of any sound appeal here.

{¶28} For the reasons explained above, we agree with the assessment of Calhoun's appellate counsel and conclude that this appeal is frivolous.  In accordance with *Anders*, we grant counsel's request to withdraw as Calhoun's lawyer, and we affirm the trial court's judgment.


By: Gormley, J.

Hoffman, P.J. and

Popham, J. concur.